## McIntire *v*. The McLain Ditching Association.

DRAINING ASSOCIATION.—*Recording Articles.—Condition Precedent.*—The recording of the articles of association of a draining company, in the recorder's office of the county where the work is contemplated, is a condition precedent to the investment of corporate powers upon the company, and must be averred in a complaint to enforce an assessment.

APPEAL from the Clinton Common Pleas.

BUSKIRK, J.—This was an action by the McLain Ditching Association against the appellant, to enforce the payment of an assessment of benefits to certain lands of the appellant.

There was issue, trial by jury, verdict for plaintiff, motion for a new trial made and overruled, and judgment on verdict.

The insufficiency of the complaint is assigned for error, and this imposes upon us the duty of determining whether upon the facts stated in the complaint the plaintiff was entitled to the relief demanded and adjudged. *Livesey* v. *Livesey*, 30 Ind. 398.

The first objection urged to the complaint is, that it does not appear that the articles of association, under and by virtue of which the plaintiff claims to be a corporation, were recorded in the recorder's office of Clinton county prior to the making of the assessment and the commencement of this action. It is provided by the fifth section of the act to authorize the construction of levees and drains (approved June 12th, 1852), that "the company shall cause their articles of association to be recorded in the recorder's office of the county or counties in which the contemplated work is situated, and thereafter such association shall be a body politic and corporate by the name and style so adopted, with all the rights, incidents and liabilities of bodies corporate, and other persons interested in the work may from time to time become members of the association by signing the articles, and the existence of such corporation shall be judicially taken notice of in the courts of the county or counties in which the articles are so recorded, without specially pleading the same." 1 G. & H. 303.

This court was required, in the case of *The New Eel River Draining Association* v. *Durbin*, 30 Ind. 173, to place a construction upon the above section of said act. The court say: "It is argued for the appellant that the execution of the articles of association makes the company, in fact, a corporation, but that the courts cannot judicially take notice of its existence, without its being specially pleaded, unless the articles are recorded. We cannot so construe the statute. As we read it, the recording of the articles of association is a condition precedent to the investment of corporate powers upon the company. The articles being recorded, then—'thereafter'—and not before, 'such association shall be a body politic and corporate.' The language of the statute is too plain to admit of any other reasonable construction.

"Procuring an assessment to be made was a corporate act, and could not be legally done until after the articles of association were recorded, and the association thereby clothed with corporate powers."

It was held by this court in *The Brookville and Greensburg Turnpike Co.* v. *McCarty*, 8 Ind. 392, that "the law is settled that if by the charter, or by contract, a condition precedent exists to the right to exercise powers or perform acts by the corporation, that condition must be performed or waived by the opposite party before such right may be exercised."

We are of the opinion, that as "the recording of the articles of association is a condition precedent to the investment of corporate powers upon the company," and that as the making of "an assessment is a corporate act, and could not be legally done until after the articles of association were recorded," the complaint should have affirmatively showed that the condition precedent had been performed before the assessment was made, and that for this fatal omission the judgment must be reversed.

Many other errors have been assigned and discussed by opposing counsel with marked ability, but it will be time enough to consider and decide such questions, when the

plaintiff shows a compliance with the condition precedent to the exercise of corporate powers.

The judgment is reversed, with costs; and the cause is remanded with directions to the court to grant a new trial and leave to the parties to amend their pleadings, and for further proceedings.

*L. M. McClurg* and *J. N. Sims,* for appellant.

*H. Y. Morrison, T. H. Palmer,* and *J. Claybaugh,* for appellee.