## ETCHISON DITCHING ASSOCIATION *v.* HILLIS.

PLEADING.—*Draining Association.—Articles of Association.*—In a suit to enforce the collection of a ditching assessment, filing a copy of the articles of association with the complaint does not make them a part of the complaint, and consequently, on demurrer to the complaint, no question is raised as to the sufficiency of the articles of association or the description of the work proposed to be done.

SAME.—Although it may appear by such complaint that there had been a previous assessment, the complaint will not be bad for that reason. As the statute authorizes a reassessment, it will be presumed, in the absence of a showing to the contrary, that it has been properly made.

SAME.—*Survey and Estimate of Cost.*—A complaint to enforce the collection of a ditching assessment must allege a survey and estimate of the cost, and show that the estimated cost will not exceed the aggregate amount of the assessments.

SAME.—*Double Assessment.*—When it appears upon the face of the schedule of assessments filed with such complaint, that certain tracts of land have been twice assessed to different persons, and at different sums, the double assessments cannot be regarded as an "informality, irregularity, or omission," within the meaning of section fifteen of the act providing for the making of such assessments.

SAME.—The amount of the assessment is not "clearly set forth in the appraisers' schedule," when it appears upon the face of such schedule that four tracts of land have been twice assessed, being assessed to different persons and at different sums.

SAME.—*Appeal.—Estoppel.*—An appeal may be taken from an assessment to the circuit court or court of common pleas, but a failure to appeal will not deprive a party whose land has been assessed from objecting to the legality of an assessment on account of a double assessment of lands.

SAME.—Before the collection of an assessment can be enforced, the corporation must show a valid and legal assessment.

SAME.—*Correcting Assessment.*—A double assessment may be corrected by a reassessment; and it will not be necessary to make an entirely new assessment, but only so far as may be necessary to correct mistakes.

APPEAL from the Madison Circuit Court.

BUSKIRK, J.—The record in this cause presents for our decision but a single question, and that is, whether the court below erred in sustaining a demurrer to the complaint.

The action was brought by the appellant against the appellee to enforce the collection of a ditching assessment.

The first objection urged to the complaint is, that the articles of association are defective and void, for the reasons

that the objects of the association and the ditch to be constructed are not sufficiently defined and described.

A copy of the articles of association was filed with the complaint, but this did not make them a part of the complaint. Consequently, no question arises in the record as to the sufficiency of the articles of association or the description of the work proposed to be done. See *The Etchison Ditching Association* v. *Busenback*, 39 Ind. 362, and authorities there cited.

The next objection urged to the complaint is, that the complaint shows a second or subsequent assessment, and that, therefore, the complaint should not only show a reason for the subsequent assessment, but should also show what disposition had been made of the previous assessment.

We do not think the complaint defective, for the reason stated. It does not very clearly appear whether there had been a previous assessment, but conceding that it does so appear, it would not in any manner defeat this action.

It is provided by section 6 of the act of 1869, as follows: "And when, and as often as it shall become necessary or desirable to reassess any tract of land for the correction of any mistake, or to enable the company to appropriate any part of the same for right of way, or any stone, timber, gravel or other material for construction of the work; and whenever, and as often as it shall be desired by the company to make a reassessment of any tract or tracts of land for any purpose, said appraisers shall upon request of the company make such reassessments; and so from time to time, when, and as often as they shall be requested, and shall make and return schedules of the same, and such schedules shall be filed for record, shall constitute liens, shall be collected, and shall in all respects be governed by the same rules and have the same force and effect as the original assessments above provided for."

A reassessment is expressly provided for by the above section, and if any valid reason exist why the assessment sought to be enforced should not be collected, it should

come from the defendant by way of answer. As the statute authorizes a reassessment we will presume, in the absence of a showing to the contrary, that it has been properly made.

The next objection urged to the sufficiency of the complaint is, that it "does not show that before the actual construction of the work began, surveys of it and estimates of its cost were made, and that the appraisers' assessment exceeded the aggregate amount of the cost of the work."

The above objection is doubtless based upon the seventh section of said act, which reads as follows:

"Sec. 7. Before the actual construction of the work shall be begun, surveys of it and estimates of its cost shall be made; and the appraisers' schedules of assessments returned to the secretary, and if the estimated cost of the work shall exceed the aggregate amount of the assessments, the work shall not be further prosecuted."

It seems very plain to us that, before any assessment can be collected, there must be a survey and estimate of the costs, so that it may be known whether the cost of the work will exceed the aggregate amount of the assessments; for if such is the case, the work cannot be further prosecuted. There can be no valid reason urged in favor of the collection of a part of the assessments, when the aggregate amount is less than the cost of the work. No part of the assessment should be collected unless the entire work can be constructed.

In our opinion, the complaint is defective for not alleging a survey and estimate, and for not showing that the estimated cost would not exceed the aggregate amount of the assessments.

The last objection urged to the complaint is, that there are manifest errors in the assessment as made by the appraisers, and that such errors appear upon the face of the copy of the assessment which was filed with, and constituted a part of, the complaint. The errors pointed out are, that in four instances, four forty-acre tracts of land had been assessed twice, to different persons, at different prices. It is shown

Etchison Ditching Association *v.* Hillis.

that a forty-acre tract was assessed as belonging to the appellee, at one hundred and forty dollars, and that the same tract was also assessed as belonging to Henry Etchison, Sr., at one hundred dollars.

It is argued by counsel for appellee that it is manifest, from such double assessments, that the assessors failed to examine each tract of land as required by the statute.

We do not think that such a conclusion necessarily results from the premises. The assessors are required, by the sixth section of said act, to make out separate schedules, in the smallest United States subdivisions, of all such lands situated in the counties which are affected by the proposed work. It is more reasonable to suppose that the mistake occurred in describing the lands by the forty-acre subdivision. The assessors were sworn officers, and the presumption is that they faithfully and honestly discharged their duties in the premises. Besides, it is averred in the sworn report of the assessors, that they " carefully examined all lands in any way liable to be affected by said proposed work."

We could not, in the face of the presumption of the law that every public officer faithfully discharges his duty, and the express averment that they did carefully examine all lands in any way liable to be affected by said proposed work, and in the absence of any showing to the contrary, indulge the presumption that the assessors failed to examine all the lands likely to be affected by such proposed work.

But the fact is apparent upon the face of the assessment, which is in the record, that four tracts of land were assessed twice, to different persons, and at different sums, and that one of such tracts was assessed to the appellee and also to Henry Etchison, Senior.

It is earnestly insisted by the council for the appellee that such double assessments vitiate and render null and void the entire assessment. The correctness of the above position is controverted by counsel for the appellant, and two counter propositions are stated and relied upon. The first is that it is a mere misdescription of the land, and that such

misdescription is an informality, irregularity, and omission, within the meaning of the 15th section of said act, which reads as follows:

"Sec. 15. No informality, irregularity, or omission, which shall have occurred, or which may occur in the organization or proceedings of any company, or in the appointment or proceedings of any of their officers, agents, or the appraisers, shall affect the rights and privileges of such company, or invalidate the assessments of the appraisers, nor any sale of land which shall be made under any foreclosure of any lien for the assessment thereon, provided the amount of the assessment shall be clearly set forth in the appraisers' schedule, and the schedule shall have been duly recorded, and notice of the recording thereof given as hereinbefore provided."

In our judgment, the double assessment cannot be regarded as an "informality, irregularity, or omission," within the meaning of the above section. We are forced to this conclusion from the language of the proviso to such section. The proviso is as follows: "Provided the amount of the assessment shall be clearly set forth in the appraisers' schedule, and the schedule shall have been duly recorded, and notice of the recording thereof given as hereinbefore provided."

It is sufficiently shown that the schedule was duly recorded, and that notice of such recording had been given as required by section 6 of said act. But it is very obvious to us that "the amount of the assessment" cannot "be clearly set forth in the appraisers' schedule," when it appears upon the face of such schedule that four tracts of land have been twice assessed to different persons, and at different sums. Both assessments cannot be collected. The question then arises, which is correct and which is incorrect?

The second position assumed by counsel for appellant is, that the appellee cannot be heard in this proceeding to urge the above objection, for the reason that a remedy was given in said act by an appeal to the circuit or common pleas

court, and that having failed to avail himself of such remedy he is now estopped from making such a defence.

It is provided by section 6 of said act, that the appraisers' schedule shall have appended thereto their affidavit that the same is a true assessment; that the same shall be returned to the secretary of the company, who shall cause it to be filed for record in the office of the recorder of the county in which the land therein described shall be situated; and from the date of filing thereof, such assessments shall respectively be a lien on the lands upon which they were assessed for the amount of such assessments of benefits less the amount of injury assessed.

It is further provided by said section, that "when and as often as it shall become necessary or desirable to re-assess any tract of land for the correction of any mistake," etc., "said appraisers shall upon the request of the company make a re-assessment."

The said section 6 also contains the following provisos, namely: "Provided, that upon filing such schedule for record the secretary shall give notice thereof by posting a notice in a conspicuous place in the recorder's office, and any party aggrieved by any such assessment may within thirty days thereafter appeal therefrom to the circuit or common pleas court of said county; and provided further, that any person who is under legal disabilities at the time of the making and filing of such schedule, shall have the right of appeal as aforesaid, at any time within thirty days after the removal of such disabilities."

In our opinion, the right of appeal, as given by said section, and the failure to take such appeal, cannot render valid a double assessment. The appellee might have appealed, but his failure to do so cannot deprive him of the right to urge such objection to the complaint. The action is based upon the assessment, and before the assessment can be enforced, the corporation must show a valid and legal assessment. But in our opinion such double assessment may be corrected, for it is provided by section 6 of said act that

there may be a re-assessment when and as often as it shall be necessary or desirable for the correction of any mistake. Nor do we think it will be necessary to make an entire new assessment, but only so far as may be necessary to correct mistakes.

In our opinion the court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*M. S. Robinson* and *W. March*, for appellant.

*J. W. Sansberry* and *E. B. Goodykoonts*, for appellee.