## SMITH *v.* THE DUCK POND DITCHING ASSOCIATION.

DITCHING ASSOCIATION.—*Assessment.—Survey and Estimate of Cost.*—A complaint by a draining asssociation organized under the act of May 22d, 1869, to enforce the collection of a ditching assessment, must allege a survey and estimate of the cost, and show that the estimated cost will not exceed the aggregate amount of the assessments.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant to enforce an assessment of benefits. There was issue, trial by the court, finding for appellee, and, over a motion for a new trial, judgment on the finding.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint, in sustaining demurrers to the fourth and fifth paragraphs of the answer, and in overruling the motion for a new trial.

Did the court err in overruling the demurrer to the complaint?

The first objection urged by counsel for appellant to the complaint is, that it does not contain an averment that the original corporators were the owners of wet lands and interested in reclaiming wet and overflowed lands. The objection is not supported by the record. The complaint expressly alleges that the original incorporators were the owners of wet lands and interested in reclaiming wet and overflowed lands.

The second objection is, that it is not averred that the association gave bond as required by law. It is plainly averred that bond was given.

The third objection is, that the articles of association do not show the *termini,* course, and length of the proposed ditch. The question does not arise in the record. The action is based upon the assessment and not upon the articles of association. The question can only be raised by answer. See *Etchison Ditching Association* v: *Hillis,* 40 Ind. 408.

It is, in the fourth place, contended that it is not sufficiently averred in the complaint that the proposed ditch was less than five miles in lenght. We think the averment is sufficient.

Finally, it is urged that the complaint is bad, because it is not alleged that there was a survey and estimate of the cost, and because it is not shown that the estimated cost will not exceed the aggregate amount of the assessment. This objection is well taken and is fatal. The association was

organized under the act of May 22d, 1869. The precise question arose and was decided by this court in *Etchison Ditching Association* v. *Hillis,* 40 Ind. 408. The court after quoting the seventh section of said act say: "It seems very plain to us that, before any assessment can be collected, there must be a survey and estimate of the costs, so that it may be known whether the cost of the work will exceed the aggregate amount of the assessments; for if such is the case, the work cannot be further prosecuted. There can be no valid reason urged in favor of the collection of a part of the assessments, when the aggregate amount is less than the cost of the work. No part of the assessment should be collected unless the entire work can be constructed.

"In our opinion, the complaint is defective for not alleging a survey and estimate, and for not showing that the estimated cost would not exceed the aggregate amount of the assessments."

In the present case, there is no averment in the complaint in reference to a survey and estimate of the cost of the construction of the proposed work. This renders the complaint fatally defective.

The court erred in overruling the demurrer to the complaint, which error must result in a reversal of the judgment.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.