———————o———————

## COMBS v. ETTER.

DRAINING ASSOCIATION.—*Pleading.*—*Complaint to Recover Assessment.*—A complaint to recover an assessment against lands, for the construction of a ditch, under the act of March 11th, 1867 (3 Ind. Stat. 228), must show a substantial compliance with all the requirements of the statute; and the sufficiency of the complaint cannot be determined by looking to the petition filed with the complaint.

SAME.—Such complaint must show that the appraisers were residents of the county, and not of kin to any of the parties.

From the Johnson Common Pleas.

*G. M. Overstreet* and *A. B. Hunter,* for appellant.

*T. W. Woollen* and *C. Byfield,* for appellee.

DOWNEY, J.—This was an action to recover the amount assessed against lands of the appellant to construct a ditch, under the act of March 11th. 1867, Acts Regular Session, p. 186. 3 Ind. Stat. 228.

The complaint states, that in June, 1869, the plaintiff filed his petition to the board of commissioners of the county, stating, among other things, his desire to drain and reclaim certain lands owned by him in the county of Johnson, etc., which are described, by constructing a certain ditch, a description of which is given, to be four feet in width at the top, two feet wide at the bottom, and with a fall of one inch to three rods; which ditch, it is alleged, could not be constructed and said land be drained without affecting other lands in said county, a description of which is given, owned by the defendant and

others; that at said term of the board of commissioners, the board appointed three persons, named, disinterested freeholders, not of kin to the petitioner, appraisers, to assess the benefits and damages to the lands described by reason of the construction of said ditch; that on the 24th day of June, 1869, the plaintiff handed to said appraisers a transcript of the proceedings in said court on said petition, and, in July, 1869, he served a written notice on each of the persons above named, whose lands would be affected by the construction of said ditch, by reading, including the defendant herein, notifying said persons, including the defendant, that said appraisers would meet on the 14th day of August, 1869, at eight o'clock A. M., at the beginning of said ditch; that said notice was served upon said persons, including defendant, more than ten days before the time of meeting of said assessors; and plaintiff avers, that on the 23d day of November, 1869, he filed said written notice, with his affidavit attached thereto, that the same had been so served by him, in the auditor's office of said county. The complaint then says: "Copies of which petition, transcript, and notice and affidavit are filed herewith, and made part hereof."

And the plaintiff further avers, that on the 14th day of August, 1869, said appraisers met at the beginning of said described ditch, at eight o'clock, A. M., of said day, and proceeded to and did view all the lands liable to be affected in any way by the construction of said ditch, and made out according to law a schedule and assessment of lands benefited by the construction of said ditch, and filed the same in the recorder's office of said county on the 14th day of August, 1869, a copy of which assessment, it is alleged, is filed with the complaint; that said appraisers, in said assessment, assessed as benefits, by the construction of said ditch, the sum of twenty-one dollars and twenty-five cents to the south-east quarter of the north-east quarter of section 35, and forty dollars to the west half of north-west quarter section 35, all in township 13, range 3 east, in said county, owned by defendant.

It is further alleged, that, in pursuance of his said petition,

in 1869, he did complete the construction of said ditch, as described in said petition, and in 1869 said defendant paid part of the amount assessed against said west half south-west quarter, and after the completion of said ditch, in 1869, he demanded of said defendant the payment of the remainder; that the defendant refused, and still refuses to pay the same; that the same was due to him from the defendant in 1869, and still remains due and unpaid; wherefore he demands judgment for fifty dollars, that the same be decreed a lien on said lands, that the same be sold, etc.

The first question raised by the assignment of errors is upon the sufficiency of the complaint. In deciding upon the sufficiency of the complaint, we cannot look to the petition filed with it, but must look to the averments contained in the pleading itself. *Knight* v. *The Flat Rock, etc., Co.*, 45 Ind. 134.

The first ground of objection to the complaint is, that the petition did not state that the lands to be drained are in the county where the proceeding was commenced. We cannot look to the petition. The complaint avers that the petition did so state. This must be be taken as true on demurrer.

The second ground of objection is, that it does not appear that the appraisers were residents of the county; that it states they were " disinterested freeholders, not of kin to the petitioner," but does not state that they were residents of the county. This is true.

The first section of the act requires that the appraisers shall be " disinterested freeholders of the county in which the application is made, and not of kin to any of the parties." The complaint also fails to allege that the assessors were not of kin to any of the parties, but only states that they were not of kin to the petitioner. In a proceeding like this, the complaint should show a substantial compliance with all the statutory requirements.

Other objections are made to the complaint. As to them it can be amended, if necessary. For the reasons already stated, it must be held bad.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.