### SEITS *v.* SINEL.

DITCHES AND DRAINS.— *Complaint to Enforce Assessment under Act of 1867.—Appraisers.*—In an action to enforce the collection of an assessment, made against a tract of land, under the act of March 11th, 1867, 3. Ind. Stat., p. 228, for the construction of a ditch, the complaint must, to be sufficient, allege, among other matters, that the appraisers, who made such assessment, were disinterested freeholders of the county, and not of kin to any of the parties.

PRACTICE.—*Judgment on Demurrer, for Want of Reply, over Issue of Fact.— Payment.*—Where issue of fact is formed by a reply of general denial pleaded to an answer of payment filed to the whole of a complaint containing both sufficient and insufficient paragraphs, it is error to render final judgment against the plaintiff for want of a further reply, on sustaining a demurrer to insufficient paragraphs of the reply.

From the Allen Circuit Court.

*W. G. Colerick, H. Colerick* and *T. W. Colerick,* for appellant.

BIDDLE, J.—Complaint in two paragraphs, by the appellant, against the appellee, filed in the court of common pleas, October term, 1871.

The first paragraph seeks to enforce an assessment against certain lands alleged to be owned by the appellee, to construct a drain affecting said lands, under the act of March 11th, 1867.

The second paragraph is a common count for work and labor done, with a bill of particulars filed.

A demurrer to each paragraph of the complaint, alleging a want of facts to constitute a cause of action, was overruled, and exceptions to the ruling reserved.

An answer of general denial was filed to the entire complaint.

Paragraphs second, third, fourth, fifth, sixth, seventh and eighth of the answer were aimed at the first paragraph of complaint. The ninth paragraph was filed to the second paragraph of complaint. The tenth is an answer of payment, going to the complaint generally.

A demurrer was filed to the second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of answer, alleging the want of facts sufficient to constitute a defence. It was overruled to the third, sixth and eighth paragraphs, and sustained to the second, fourth, fifth, seventh and ninth, to which rulings exceptions were reserved. The demurrer to the tenth paragraph of answer does not seem to have been decided, as far as the record shows us.

Four special paragraphs of reply were filed to the third, sixth and eighth paragraphs of answer, to the second, third and fourth of which demurrers for the alleged want of sufficient facts were sustained, and exceptions reserved.

The appellant refused to reply further, and the court, upon this state of the pleadings, rendered judgment against him for the costs, to which he excepted.

The appellant has assigned the rulings of the court below as errors here, and has carefully and closely discussed the various questions presented, several of which, however, from the views we have taken of the case, we do not examine. In our opinion the demurrer to the answer should have been carried back and sustained to the first paragraph of complaint, which is insufficient in not averring that the appraisers appointed by the board of commissioners to make the assessment were disinterested freeholders of the county in which the application was made,

and not of kin to any of the parties, as the statute requires, and as this court has held to be necessary. 3 Ind. Stat., p. 228, sec. 1 ; *Combs* v. *Etter,* 49 Ind. 535.

We think, however, that the court erred in rendering judgment against the appellant upon the state of the pleadings, while the issues formed by a general denial and an answer of payment to the second paragraph of the complaint remained untried.

For this error the judgment must be reversed.

Should the appellant contemplate further proceedings in this case, the parties are referred to a subsequent statute upon the subject, 1 R. S. 1876, p. 428, and to the case of *McKinsey* v. *Bowman,* 58 Ind. 88.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further proceedings.