## LAUGHLIN ET AL. *v.* AYRES.

DITCHES AND DRAINS.—*Act of* 1867.—*Complaint to Collect Assessment.— Appraisers.*—In an action to collect an assessment for drainage purposes, made under the act of March 11th, 1867, 2 R. S. 1876, p. 684, the complaint must allege that the persons by whom the assessment was made were "disinterested freeholders *of the county* in which the application is made, and not of kin," etc.

From the Rush Circuit Court.

*B. L. Smith*, for appellants.

*B. F. Davis* and *J. E. Florea*, for appellee.

HOWK, J.—This was a suit by the appellants, against the appellee, for the recovery of an amount alleged to be due the former from the latter, on account of the construction of a certain ditch.

The appellee's demurrer to the appellants' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to

this ruling the appellants excepted, and judgment was rendered against them, on the demurrer, for the costs of suit.

The appellants have here assigned, as error, the decision of the court below, in sustaining the appellee's demurrer to their complaint. The only question presented for our decision, by this alleged error, is the sufficiency of the facts stated in the complaint to constitute a cause of action.

In their complaint the appellants alleged, in substance, that, at the March term, 1874, of the Board of Commissioners of Rush county, Indiana, they presented their written petition to the board, for the construction of a ditch therein described, a copy of which petition they filed with their complaint; that, at said term, such proceedings were had by said board of commissioners, as that Samuel Green, Nelson Scisson and Levi M. Copeland were appointed to assess the benefits and damages arising from the construction of the contemplated ditch; that said parties last named were disinterested freeholders, not of kin to any party whose lands were affected by the construction of the proposed ditch; that, on the 30th day of March, 1874, the said viewers met at the commencement of said ditch, of the time and place of which meeting the appellee had been notified in writing more than ten days prior to said 31st day of March, 1874; that said viewers, on the 2d day of April, 1874, made their report of the assessment of benefits and damages to the several tracts of land described therein, and appended thereto their affidavit, that the same was a true assessment, to the best of their judgment and belief, and that the same was recorded on the 2d day of April, 1874, in the records of the recorder's office of said Rush county, a copy of which report was filed with the complaint; that the said viewers, by their report, assessed benefits to the amount of forty-five dollars to the appellee's

real estate, particularly described, in said county; that the appellants had completed the said ditch, according to the specifications of the application, on the —— day of August, 1874; and that, on the 1st day of September, 1874, the appellants demanded payment of said sum of forty-five dollars from the appellee, but he had failed and refused to pay the same, and it was then due and unpaid. Wherefore, etc.

It is manifest from the averments of the appellants' complaint, that the proceedings therein mentioned and described, before the Board of Commissioners of Rush county, were intended and attempted to be had and held under and pursuant to the provisions of "An act to enable the owners of wet lands to drain and reclaim them," etc., approved March 11th, 1867. Acts 1867, p. 186; 3 Ind. Stat. 228; 2 R. S. 1876, p. 684.

In section 1 of this act it was provided, *inter alia,* that when a written application has been presented to the board of commissioners of the proper county, by any person, not a body corporate, interested in constructing any levee, drain, etc., "said board shall appoint three disinterested freeholders of the county in which the application is made, and not of kin to any of the parties, appraisers to assess the benefits and damages to any of such lands incident to said contemplated work." *Supra.*

In construing the provision of the statute above quoted, it has been held by this court, that, in an action brought to recover an assessment of benefits incident to the construction of a ditch or drain, the complaint must show by its averments that the assessment had been made by three disinterested freeholders of the county in which the application was made, and not of kin to any of the parties, as appraisers, and that, in the absence of such a showing, the complaint must be held bad, on a demurrer thereto for the want of sufficient facts. *Combs* v. *Etter,* 49 Ind. 535.

In the case cited, as in the case at bar, the allegation of the complaint, on this subject, was, that the appraisers were three disinterested freeholders, and not that they were disinterested freeholders of the county in which the application was made, as the statute required they should be. The case cited was approved and followed by this court, on the point now under consideration, in the more recent case of *Seits* v. *Sinel*, 62 Ind. 253. See, also, the case of *Bate* v. *Sheets*, 64 Ind. 209, for a full statement of the law now in force in relation to drains and ditches.

For the reasons given, we are clearly of the opinion that no error was committed by the court, in this case, in sustaining the demurrer to the complaint.

The judgment is affirmed, at the appellants' costs.