No. 10,171.

## BOGART *v.* CASTOR.

DRAINAGE.—*Complaint to Recover Assessment.—Benefits and Damages.—Report of Appraisers.—Statute Construed.*—In an action to recover an assessment made for the construction of a ditch under the act of February 24th, 1877, Acts 1877, Reg. Sess., p. 156, a complaint is insufficient which does not show that the appraisers of benefits and damages made "a division of the costs of the construction of the ditch among the owners of the lands affected."

SAME.—A complaint in such action, in assumpsit, which neither avers that the defendant requested the work done, nor that he promised to pay for it, is insufficient.

From the Hamilton Circuit Court.

*E. H. Granger,* for appellant.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellee.

ELLIOTT, J.—The appellee's complaint seeks a recovery upon an assessment made for the construction of a ditch.

The first paragraph of the complaint is bad, for the reason that it does not appear that the appraisers of benefits and damages made a division of the cost of the construction of the ditch among the owners of the land affected. The statute requires that this shall be done. Acts 1877, p. 156.

Counsel for appellant contends that the appraisers need not embody a statement of the division of the cost of the ditch in the sworn report which the law requires them to make. We think otherwise. The letter of the statute requires that a verified report shall be made, and a fair interpretation of its language gives it the effect of requiring that this report shall show all the material acts of the appraisers. The evident purpose of the Legislature was to secure a report which would enable land-owners to know the total cost of the ditch, the manner in which it affected their respective lands, and the damages or benefits to each respectively. It was not intended that land-owners should be compelled to look elsewhere than to the record for information upon these

points. If counsel is correct, and these matters may be shown by parol, then the land-owners would have to depend upon the uncertain memories of the appraisers, and be compelled to hunt them up every time they wanted information.

Such a statute as that under examination is not, as counsel say, to receive a liberal construction, as against the land-owner; on the contrary it is to be strictly construed. It is a familiar rule that statutes authorizing the taking of private property and the assessment of benefits upon adjacent lands are to receive a strict construction, as against the land-owner.

The case made by the second paragraph of the complaint is the same as that of *Boatman* v. *Macy,* 82 Ind. 490, and on the authority of that case the pleading must be held bad.

Judgment affirmed.