No. 11,277.

SHAW v. THE STATE OF INDIANA, FOR THE USE OF WHITMORE, COMMISSIONER.

DRAINAGE.—*Assessments for.*—*Complaint to Enforce Lien.*—In a complaint to enforce the lien of an assessment for the expense of drainage, the commissioner charged with executing the work must, in his complaint, state facts showing a substantial compliance with the statute from the filing of the petition to the last act necessary to be performed.

SAME.—*Jurisdiction of Circuit Court over Land in other Counties.*—Where lands affected by the proposed ditch, and embraced in the assessment therefor, are located in different counties, the court of the county in which the petition for the construction of the drain is filed, and where part of the land to be affected lies, has jurisdiction of all the lands assessed.

From the Grant Circuit Court.

*J. Brownlee,* for appellant.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellee.

HAMMOND, J.—This was an action in the name of the State, for the use of Whitmore, commissioner of drainage, against the appellant, to enforce a lien upon real estate for an assessment against it for drainage under the act of April 8th, 1881; section 4273, R. S. 1881, *et seq.* The proceedings to establish the ditch to which the assessment related were had prior to the amendments of 1883, to the above act.

The appellant unsuccessfully demurred to the complaint, and then answered by the general denial. A trial by the court resulted in a finding for the appellee and a judgment on the finding over the appellant's motion for a new trial.

Section 4277, R. S. 1881, provides, among other methods for the collection of assessments, that the commissioner charged with the execution of the work, "may, if he so determine, bring suit in the name of the State of Indiana, for his use as commissioner of drainage, in any court of competent jurisdiction, to enforce a lien upon any tract or tracts of land for the amount * * assessed by him." This section as amended contains the same provision. Section 4, p. 178, Acts 1883. By section 4278, such commissioner was required to have recorded, in the recorder's office of the county, a notice of the assessments as the same were finally confirmed by the court, and the assessments made by him became a lien from the date of the recording of the notice.

In a complaint to enforce the lien of an assessment, facts must be averred showing a substantial compliance with the statute from the filing of the petition to the last act necessary to be performed in order that the commissioner charged with the execution of the work may demand and collect the assessment. The following cases have more or less bearing upon this point: *West* v. *Bullskin Prairie Ditching Co.,* 19 Ind. 458; *McIntire* v. *McLain Ditching Ass'n,* 40 Ind. 104;

*Smith* v. *Duck Pond Ditching Ass'n*, 45 Ind. 94; *Combs* v. *Etter*, 49 Ind. 535; *Smith* v. *Duck Pond Ditching Ass'n*, 54 Ind. 235; *Cooper* v. *Arctic Ditchers*, 56 Ind. 233; *Gossett* v. *Tolen*, 61 Ind. 388; *Seits* v. *Sinel*, 62 Ind. 253; *Laughlin* v. *Ayres*, 66 Ind. 445; *Smith* v. *Clifford*, 83 Ind. 520; *Bogart* v. *Castor*, 87 Ind. 244.

The complaint in the present case fails to show a compliance with all the statutory requirements. Facts are not averred showing that a petition for the construction of the work was filed as required by law. It is not alleged that in the proceedings to construct the work, the court found that notice of the intention to present the petition had been given as provided by statute; nor that such petition was referred by the court to the commissioners of drainage; nor is it shown what action was taken thereon by such commissioners. It is not alleged that the commissioner, charged with the construction of the work, assessed from time to time upon the lands benefited, ratably upon the amount of benefits as adjudged by the court, such sums of money as were necessary therefor, not exceeding the whole benefits so adjudged upon any tract, nor that he required the same to be paid in instalments, not exceeding twenty per cent. per month, at such time as he fixed after notice as required by statute. Section 4277, *supra*. There may be other omissions in the complaint, but the specification of the above, together with our general statement of what a complaint in an action like the present should contain, will enable the appellee, upon a reconstruction of its complaint, to make averments showing that the proceedings were in conformity with the statute.

The demurrer to the complaint should have been sustained.

Another question, discussed by appellant's counsel, may arise again, and will therefore be considered. It appears from the appellee's complaint that the lands affected by the proposed ditch, and embraced in the assessments, are located partly in Huntington county and partly in Grant county. As we understand appellant's counsel, it is insisted that the

circuit court of Huntington county, where the petition for the construction of the drainage was filed, did not have jurisdiction as to lands in Grant county.

As to proceedings in the circuit or superior courts for the drainage of lands, the statute clearly gives the court of the county in which the petitioner's lands are situated, jurisdiction as to all other lands affected by the proposed work though located in another county. Sections 4274, 4275, 4278 and 4284, R. S. 1881; also, sections 1, 2 and 5, Acts 1883, pp. 173–4 and 179.

No good reason occurs to us why it is not competent for the Legislature to confer upon circuit and superior courts the jurisdiction with which they are thus invested. Actions for the recovery or the partition of real estate, or for the foreclosure of mortgages, may be commenced in the county where the real estate or any part of it is situated. Section 307, R. S. 1881. The jurisdiction thus conferred has never, we believe, been questioned.

Where lands are so located, though in different counties, as to require for their drainage the same artificial channel, ditch or levees, or by removing obstructions from the same natural watercourse, or deepening, widening, straightening, or changing its natural channel, it is eminently proper, in the interest of convenience and economy, that the proceedings should be under the supervision of the same court, and we have no doubt of the constitutionality of the statute conferring this jurisdiction.

The judgment of the court below is reversed, at appellee's costs, with instruction to sustain the demurrer to the complaint and for further proceedings.

Filed Sept. 16, 1884.