## LEE v. BURNS.

[No. 14,417. Filed July 27, 1932.]

*Willis Hickam,* for appellant.
*Schortemeier, Eby & Wood, Amici Curiae.*

LOCKYEAR, J.—This is an action by the appellant against the appellee to quiet title to real estate, with non-resident notice by publication.

The appeal involves the construction of that part of Section 4, Chapter 96, Acts 1927, pp. 256-7, being section 12080 Burns Revised Statutes 1929 Supplement, which provides: "The term 'newspaper' as used in this act shall be construed to mean a weekly, semi-weekly,

tri-weekly or daily newspaper, which shall have been published for five consecutive years in the same city or town"; it presents the question whether a newspaper already qualified under said section by more than five consecutive years publication in the same town will lose its status as a legal newspaper by a temporary suspension of publication.

Non-resident notice to the appellee was published in the Owen County Journal, with the first publication on February 19, 1931. Appellee appeared specially and filed a plea in abatement alleging that he is a resident of the State of Ohio, that no summons was served upon him and that said Owen County Journal has not been published for five consecutive years in the same city or town and that the notice to appellee published therein was a nullity. Appellant filed an affirmative second paragraph of reply to said plea in abatement alleging in substance that said Owen County Journal had been published as a weekly newspaper in Spencer, Indiana, for more than seventy consecutive years before February 13, 1930, at which time publication was suspended when its then owner made an assignment for the benefit of his creditors, and said Journal was thereafter sold by said assignor's trustee, the purchaser thereof, resuming publication in Spencer, Indiana, with the issue of August 7, 1930. Appellee demurred to said reply for insufficient facts.

Appellee's demurrer was sustained with exception and appellant declined to plead further and elected to stand on the sufficiency of his second paragraph of reply; judgment was thereupon rendered in favor of appellee that appellant's action abate and that appellee recover costs; appellant prayed an appeal, which was granted.

The ruling sustaining appellee's demurrer constitutes the only error assigned.

The appellee has filed no brief, but we have examined the law of this case and find it to be as follows:

In *Frazier and Sons* v. *Less,* 127 Md. 572, 91 Atl. 764, it is said that a statute must be construed liberally in favor of private rights and any construction imputing an intention to deny valuable rights should be avoided.

In the case of *Morton* v. *Wessinger,* 58 Oregon 80, 113 Pac. 7, statutes in derogation of individual rights are to be strictly construed; it will be presumed that a statute is not intended to interfere with or prejudice a private right of title. *Crowder* v. *Fletcher,* 80 Ala. 219; *Chicago W. & V. Coal Co.* v. *People,* 114 Ill. App. 75, 73 N. E. 770; *Ellis* v. *Kenyon,* 25 Ind. 134; *Bogart v. Castor,* 87 Ind. 244; *Willis* v. *Bayles,* 105 Ind. 363; *In Re. Leach,* 134 Ind. 665, it is said that all statutes are to be construed as far as possible in favor of equality of rights and all restrictions on human liberty and all claims for special privileges are to be regarded as having the presumption of law against them. 21 L. R. A. 701; *Vigo Co. Comm.* v. *Davis,* 136 Ind. 503, 22 L. R. A. 55.

Statutes which interfere with legitimate enterprise or limit the right to construct or operate legitimate industries are to be given a strict construction. *Wheelwright* v. *Commonwealth,* 103 Va. 512, 49 S. E. 647; *Webb* v. *Baird,* 6 Ind. 13; *Ramsey* v. *Foy,* 10 Ind. 493.

This statute can have no purpose except to limit the newspapers eligible to participate in publication of legal notices to those which are five or more years old and to deny that right to all other newspapers. In that respect it effects a change of existing law. It makes no provision for the extinguishment of that right after it has been acquired by a newspaper. It does not provide that temporary suspension of publication,

or suspension for a period of less than one year shall extinguish publication rights already acquired and enjoyed by a newspaper. It cannot be extended to extinguish the publication rights acquired and enjoyed by the Owen County Journal under the facts alleged in appellant's reply. 36 Cyc. 1179-1180.

This right of publication is a valuable asset to the newspaper owning it and to give it any other construction would tend to create a monopoly that is not favored in the law.

The judgment is reversed with instructions to overrule the demurrer to the appellant's affirmative second paragraph of reply to the plea in abatement and for other proceedings in conformity with this opinion.