Boxley
v.
Collins.

*S. Judah,* for the plaintiffs.

*D. M'Donald,* for the defendant.

---

### Boxley and Others *v.* Collins.

The complaint in a case of forcible detainer, must show that the land *is within* the county, and that the detainer is unlawful.

The verdict for the complainant in such case, must state that the premises are detained *by force*.

If no judgment can be rendered in consequence of the imperfection of the verdict, the Court awards a *venire de novo.*

*Tuesday,
August 22.*
APPEAL from the *Hamilton* Circuit Court.

Blackford, J.—The appellee filed a complaint on the 4th of *April,* 1835, before two justices of the peace, against the appellants for a forcible detainer of certain real estate.  The appellants pleaded not guilty.  Verdict before the justices for the appellee, and a judgment on the verdict.  There was an appeal to the Circuit Court, and the appellee again obtained a verdict and judgment.

In the Circuit Court, a motion was made by the appellants to set aside the complaint, but the motion was overruled.  This complaint, after stating the title of the Court and the names of the parties, says:—

"The plaintiff complains of the defendants, that they made a lawful entry upon the east half of the south-east quarter of section 22, town 20 north, range three east; and that they, on the second of *April,* 1835, with force and strong hands did deforce, and still do keep out of the possession of the said premises, him the said plaintiff, he being the rightful owner of the same.  And the plaintiff prays that he may have the benefit of the act of forcible entry and detainer, in such cases made and provided."

This complaint is objectionable on two grounds.  First, because the land is not shown to be *within the county;* and, secondly, because there is no averment that the detainer was

unlawful. The land may have belonged to the appellee, and still the appellants may have had, at the time, a right to the possession; and if their possession was lawful, it might be maintained by force. *King* v. *Oakley*, 4 Barn. & Adolp. 307, per *Denman*, C. J.

*May Term,*
*1837.*

BOXLEY
v.
COLLINS.

·There was a motion in the Circuit Court to arrest the judgment, on account of the insufficiency of the verdict, but the motion was overruled. The verdict is as follows:—

" At an inquisition held before the Circuit Court of *Hamilton* county, state of *Indiana*, at the *April* term, we the jurors on our oath find that the following described land, viz. the east half of the south-east quarter of section 22, town 20, range three east, on the 29th of *April*, 1835, was in the lawful and rightful possession of *Robert Collins;* and that *Addison Boxley*, *Thomas P. Boxley*, and *George G. Boxley*, being lawfully upon the same, did unlawfully detain the possession from him, the said *Robert Collins*, and still continue unlawfully to detain the possession from him. Wherefore the jury upon their oath as aforesaid find, that the said *Robert Collins* ought to have restitution thereof without delay."

This verdict is defective, because it does not state that the possession of the premises was detained by force. The mere unlawful detainer of land, furnishes no ground for a prosecution under the statute against forcible entries and detainers. This summary and extraordinary proceeding to obtain possession of real estate, by the interference of justices of the peace, is founded upon statute both in *England* and in this country, and is only authorised where the entry or detainer is, in its nature, forcible and violent. In ordinary cases—those of entries or detainers peaceable but unlawful—the injured party is left to the action of ejectment, &c. A distinguished writer uses the following language on this subject:—" To constitute a forcible entry, or a forcible detainer, mere force *in law*, as it is technically termed, being a simple trespass, is not sufficient, but there must be some *actual violence*, or some proceeding, as *a large assembly of persons*, calculated to create *alarm*, if not *terror*, in ordinary minds, though it is not necessary that there should be any assault or battery." 2 Chitt. Gen. Prac. p. 234.

In our statute, the form of a verdict against the defendant for a forcible detainer is given, which is as follows—" that the lands, &c., on, &c., were in the lawful and rightful possession

41

May Term,
1837.

of the complainant, and that the defendant being lawfully upon the same, did, unlawfully *with force and strong hands*, expel and drive out the plaintiff; and that he still continues wrongfully to detain the possession from the plaintiff. Wherefore the jury, upon their oath, find that the plaintiff ought to have restitution thereof without delay." Rev. Code, 1831, p. 267.

It is clear, that the verdict in the cause before us is defective, and that the judgment should have been arrested. In such cases—where no judgment can be rendered in consequence of the imperfection of the verdict—the Court awards a *venire de novo*. Gould on Pleading, p. 526.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion respecting the complaint set aside, with costs. Cause remanded, with leave to the appellee to amend the complaint.

*C. Fletcher* and *O. Butler*, for the appellants.

*W. Quarles* and *H. Brown*, for the appellee.