Blackford, J.
Suit for a forcible detainer, brought by Osborn against Barton, on the 3d of March, 1840, before two justices of the peace. The complaint filed is, in-substance, as follows: “That Osborn purchased of Barton a certain tract of land, situate, &c., (particularly described); *that Osborn was to have possession on the 25th of December, 1839; and that Barton held and still holds the possession, by force and strong hand, wrongfully and unjustly.” Judgment before the justices of restitution, and that the plaintiff recover his costs. Appeal by the defendant to the Circuit Court. Motion by the defendant in the Circuit Court to dismiss the suit, on the ground that the complaint was insufficient. Motion overruled. The cause was submitted to the Court, and judgment rendered that the plaintiff recover his costs, the defendant having left the premises pending the suit.
The.writ of error, in this case, is objected to, on the ground that this Court has no jurisdiction, the cause having originated before two justices of the peace. It has been heretofore decided that the Court has jurisdiction in cases like this; and we adhere to that opinion. Moore v. Read, 1 Blackf., 177.
The judgment of the Circuit Court for the plaintiff, on the merits, is evidently .wrong, as there is not the slightest proof that the least force to detain the premises had been ever used *155 b/ (.he defendant. The suit could not be sustained without j'r^of that the detainer was not only unlawful but that it was by force and violence. Boxley v. Collins, 4 Blackf., 320.
C. IT. Test, for the plaintiff.
, We think, however, that the motion to dismiss the suit on account of the insufficiency of the complaint, was rightly overruled. The complaint shows that the plaintiff bought the land of the defendant; that the latter, by agreement with the plaintiff, continued in possession until a certain day.; and held over after that day by force and strong hand. The defendant, under these circumstances, stood in the situation of a tenant for years, forcibly holding possession after the expiration of his term. And it is decided'that if a tenant for years, after his term is expired, hold by force against the lessor, it is a forcible detainment, the possession of the termor being that of the lessor. Snigg v. Shirton, Cro. Jac., 199. It is also held that a mortgagor, after forfeiture of the mortgage, may be guilty of a forcible detainer by maintaining possession by force. 3 Chitt. Crim. Law, 1121; 2 Chitt. Gen. Prac., 238. These are strong authorities in favour of the validity of the .complaint filed in this cause. It may be remarked, too, that the English law requires the defendant’s entry to be‘considered as unlawful; The King v. Oakley, 4 *Barn. & Adol., 307; which is not the case under our statute. Rev. Stat., 1838, p. 307.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.