JOSEPH SMITH, appellant, *v.* JAMES E. KILLECK *et ux.*, appellees.

### *Appeal from Cook Co. Court.*

In an action of forcible detainer, there is no precise form for a complaint. It is sufficient, if the complaint show the relation of landlord and tenant to have existed, that the time for which the premises were let has expired, and that the tenant persists in holding the premises after demand made in writing for for the possession thereof.

In an action of forcible detainer, the jury simply found the defendant "guilty:" *Held,* that the verdict was sufficient, though it would have been more formal to have been "in manner and form as alleged in the complaint."

FORCIBLE DETAINER, brought by the appellees against the appellant, before a justice of the peace in Cook county, when a verdict was rendered for the complainants below. The defendant appealed to the Cook County Court, and the cause was heard before the Hon. Hugh T. Dickey and a jury, at the October term, 1847, when a verdict was again rendered for the complainants.

The substance of the complaint will be found in the Opinion of the Court.

The cause was submitted in this Court upon the written arguments of *Morris & Brown*, for the appellant, and of *N. B. Judd*, for the appellees.

The Opinion of the Court was delivered by

TRUMBULL, J. This was an action of forcible detainer, commenced by the appellees against the appellant.

The complaint alleges, "that on or about the 26th day of March, 1844, Joseph Smith entered into the following premises, viz: Lots number thirty three and thirty four, of Wabausia addition to Chicago, under an agreement to purchase the same; that failing to comply with said agreement, it was then further agreed, that he should retain possession of said premises, until the rent amounted to enough to pay for his improvements; that said time had long since expired, and the said Joseph Smith wilfully and without force, after the expiration of said term, holds over and continues in posses-

sion of said premises, without the permission of the complainants, notwithstanding demand has been made in writing by the complainants upon the said Joseph Smith, to quit and deliver up possession to them; and complainants further say that the title to said premises is in the said Sarah Ann Killeck, wife of said James Killeck." The complaint was made on the 9th of April, 1847, and upon the trial before the justice of the peace, the defendant was found guilty, and a writ of restitution awarded.

Smith appealed to the Cook County Court, when a motion was made to dismiss the suit for want of sufficient complaint. The motion was overruled, and upon trial had, the jury found the defendant guilty, whereupon he entered a motion for a new trial, which was overruled, and a writ of restitution awarded. During the progress of the trial, the plaintiffs offered in evidence deeds of conveyance for the premises in question to Mrs. Killeck, and proved substantially the allegations in the complaint, as to the sale to Smith, and his subsequent occupation of the premises as the lessee of the plaintiffs long enough to pay for the improvements he had made, also the giving of notice in writing and demand for possession of the premises before suit brought. The defendant showed that before suit brought he had leased the premises to two different persons, and to one of them, by the assent of plaintiffs, for a term not expired at the time of the commencement of this suit; but the testimony further showed that the leases made by Smith had both been canceled and surrendered up before the commencement of this suit, and it is therefore unnecessary to notice them particularly.

The errors assigned are,

1. The overruling the motion to dismiss for want of a sufficient complaint;

2. The admission in evidence of the deeds to Mrs. Killeck;

3. The refusal to grant a new trial; and

4. Insufficiency of the verdict to warrant a judgment of restitution.

The complaint is certainly indefinite as to the time when

the contract of sale was rescinded, and the defendant began to occupy the premises as the lessee of the plaintiffs; also, as to the value of the improvements made by defendant, and of the rent of the premises; but there is no precise form for a complaint of this character, nor ought unreasonable strictness to be required. It is enough if the complaint show the relation of landlord and tenant to have existed; that the time for which the premises were let has expired, and that the tenant persists in holding the premises after demand made in writing for the possession thereof. This complaint contains all these allegations, though somewhat vaguely set forth, and in accordance with the doctrine established by this Court in the case of *Ballance* v. *Frisby*, 3 Gilm. 291, we are disposed to consider the complaint sufficient. See, also, *Barton* v. *Osborn*, 6 Blackf. 145.

The title deeds to Mrs. Killeck, were doubtless offered in evidence to show the reason for joining her as a party to the complaint, and with this view they were properly admissible. Whether the deeds offered were sufficient to establish her title, it is unnecessary to determine. There is enough in the case to show that Killeck took possession of the premises under the sale from Scammon to his wife, and dealt with the property as his wife's in his subsequent transactions with Smith, and she was not, therefore, improperly made a party to the complaint.

The reasons assigned for a new trial, are very similar to those urged for dismissing the suit. If the complaint was sufficient the verdict was right, as the only witness who was called to testify as to the sale to Smith, his subsequent agreement to occupy the premises till paid for his improvements, and that he had done so, fully proved those facts.

As to the sufficiency of the verdict, there can be no question. The jury found the defendant guilty, and though it might have been more formal to have added "in manner and form as alleged in the complaint," still the verdict as rendered was sufficient, and has the same meaning as if rendered in a more formal manner.

The judgment of the County Court is affirmed with costs.

*Judgment affirmed.*