## LEARY *v.* LANGSDALE.

UNLAWFUL DETENTION OF LANDS.—*Complaint.*—In an action to recover the possession of real estate, the complaint must describe the real estate with reasonable certainty.

SAME.—A complaint for the recovery of real estate must designate the county and state in which the land is situated.

PRACTICE.—*Motion in Arrest of Judgment.*—A complaint in an action to recover the possession of real estate which does not designate the county and state in which the land is situated, is bad on a motion in arrest. This defect is not cured by answer.

APPEAL from the Marion Common Pleas.

PETTIT, J.—This suit was brought before a justice of the peace, to recover possession of real estate, by the appellee against the appellant, under "an act concerning the unlawful detention of lands and the recovery thereof," 2 G. & H. 630, the first section of which reads thus: "That whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representative shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over, removed from such lands on complaint before a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal, and the damages claimed for detention, describing the premises with reasonable certainty."

There was a judgment before the justice for the appellee, and also on appeal in the common pleas court, from which last judgment the case is brought to this court. In the common pleas there was a motion in arrest of judgment, made at the proper time, because the complaint was not sufficient, which was overruled, and the ruling excepted to; and this is assigned for error. It is not necessary to notice any other of the proceedings of the court below, or assignments of error in this court. If the complaint is radically defective and insufficient, the judgment should have been arrested, and must be reversed here. 2 G. & H. 81, sec. 54; *McMillen* v. *Terrell*, 23 Ind. 163; Taylor on Landlord and Tenant,

sec. 721 *a*; *Bozley* v. *Collins*, 4 Blackf. 320; *Hill* v. *Stocking*, 6 Hill, 314. The following is the complaint.

"Said J. M. W. Langsdale complains of Patrick C. Leary, and says that, heretofore, to wit, on the —— day of ——, 1868, the plaintiff leased to one L. M. Whitman room number 2 in Langsdale block, in the second story, on lot in square 57, in the city of Indianapolis, at and for the rent of $16.66⅔ per month; that heretofore, to wit, on the —— day of ——, 1868, said Whitman transfered said lease to said Patrick C. Leary; that said Leary has wholly failed and refused to pay the rent for said premises; that more than ten days before this date, plaintiff caused a notice to be served on defendant, a copy of which is filed herewith and made a part hereof, requiring defendant to deliver up the possession of said premises at the end of ten days from the time of receiving the same; that there is now due up to this date the sum of fifty dollars rent which is now unpaid and now due; wherefore he claims judgment for possession of said premises and for sixty dollars damages for the detention thereof. Second paragraph. And for further complaint, the plaintiff says that defendant, heretofore, to wit, on the —— day of ——, 1868, peaceably entered into and took possession of room number —— in Langsdale block, on Delaware street, in the city of Indianapolis; that since the first day of May, 1868, not at any time said defendant nor any one for him paid the rent for said premises or a part thereof; that defendant still holds possession and refuses to deliver up the possession of said premises or to pay the rent for said premises, and that said defendant still holds possession of said premises unlawfully; that said plaintiff is entitled to the possession thereof; that on the —— day of July, 1868, said plaintiff caused a notice to be served on the defendant to quit and give up possession of said premises at the expiration of ten days from the date of receiving the same, a copy of which is filed herewith and made a part hereof. Wherefore, plaintiff demands judgment for the possession of said premises and fifty dollars damages for the detention thereof."

Many insufficiencies might be pointed out in this complaint, but it is enough to say that the complaint does not describe the property with any reasonable degree of certainty, nor does it state in what county or state it is situated. This is fatal, and is not cured by answer.   2 G. & H. 81 sec. 54.

The judgment is reversed, at the costs of the appellee, with instruction to the court below to sustain the motion in arrest of judgment.

*P. C. Leary, J. W. Gordon,* and *W. March,* for appellant.

*L. Barbour* and *C. P. Jacobs,* for appellee.