# IN GENERAL TERM, 1873.

JOHN JACKSON v. DAVID O. ADAMS AND ALBERT J. ALLISON, Appellants.

NOTICE—*to tenant—for possession*—
PLEADING—*when defective*—
STATUTE—*construction*—
SUPERIOR COURT—*jurisdiction.*

Complaint against a tenant holding over.

*Held:* That a complaint against a tenant holding over must show that the relation of landlord and tenant existed; that the tenancy has been determined; that the plaintiff has a present right of possession, and it must describe the premises with reasonable certainty.

The county is sufficiently identified by locating the property in the city of Indianapolis, and State of Indiana. The State being given, the Court will judicially take notice that the city of Indianapolis is in Marion county.

If a complaint is good under the act of May 13, 1852, concerning the unlawful detention of lands and the recovery thereof, it is unimportant whether it is sufficient under Sec. 595 of the Code.

The Superior Court has original jurisdiction in suits against tenants holding over.

*J. N. Scott,* for appellants.
*Barbour, Jacobs & Williams,* for appellee.

NEWCOMB, J.—The plaintiff sued to recover possession of real estate. There were two paragraphs of the complaint to the first of which a demurrer was sustained.

The second paragraph is as follows :

" And for second cause of action the plaintiff says the defendants were in possession of said premises as his tenants by the year, and that their yearly lease expired on the 31st of January, 1873; that on the 31st of October, 1872, he gave the defendants notice to yield possession of their premises at the expiration of the year aforesaid, a copy of which notice is in the words and figures following, to wit:

INDIANAPOLIS, IND., October 31, 1872.

*To Mr. David O. Adams and A. J. Allison:*

You are hereby notified to deliver up to me, at the expiration of three months from the time of receiving this notice, the possession of the following premises, viz : the third story rooms of building known as No. 39, East Washington street, Indianapolis, Indiana, now held by you of me (the said rooms being used as a photograph gallery).

Dated, this thirty-first day of October, 1872.

(Signed), JOHN JACKSON."

But the plaintiff says the defendants refused to vacate or surrender said premises to him at the time mentioned, and now hold over and keep possession of the same without right, and keep plaintiff out of possession thereof, to his damage in the sum of five hundred dollars, for which he asks judgment, and all other proper relief.

A demurrer to this paragraph was overruled, and the defendants excepted. Issues of fact were then formed, and there was a finding for the plaintiff. The defendant then interposed a motion in arrest of judgment. This motion was overruled, to which defendants excepted, and judgment for possession of the premises was rendered in plaintiff's favor.

The objections urged against the sufficiency of the complaint are :

1. That it does not aver that plaintiff is entitled to the possession of the premises.

2. That the premises sought to be recovered are not described with sufficient certainty :

3. That the complaint does not state what interest the plaintiff claims in the property.

The Statute in relation to the recovery of real property, 2 G. & H. 282, Sec. 595, has this provision :

" The plaintiff, in his complaint, shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession."

The complaint is informal in its structure, but if the property in dispute is described with sufficient certainty, we think there is enough stated to show a right of possession in the plaintiff.

But under the section of the Statute, cited above, the complaint is defective for not stating the interest the plaintiff claims in the premises.

If, however, the complaint can be sustained under the Act of May 13, 1852, concerning the unlawful detention of lands and the recovery thereof, 2 G. & H. 630, it is unimportant whether it is sufficient under Section 595 of the Code of Practice.

The first section of the Act of 1852, is as follows :

" That whenever, in pursuance of legal notice, or otherwise, any landlord, or his legal representative, shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over, removed from such lands, on complaint before a Justice of the Peace of the county in which such lands lie, specifying the matters relied on to justify such removal, and the damages claimed for detention, describing the premises with reasonable certainty."

By an Act approved March 4, 1853, Courts of Common Pleas were given concurrent jurisdiction with Justices of the

Peace, in actions of forcible entry and detainer, and against tenants holding over. 2 G. & H. 630—note.

Section 10 of the Statute creating the Superior Court, confers upon it " original concurrent jurisdiction with the Circuit Court, and Court of Common Pleas, in all civil causes except slander, and except such causes of which the Court of Common Pleas now has original, exclusive jurisdiction. Acts of 1871, p. 50.

This Court, therefore, has original jurisdiction in suits against tenants holding over.

Is the complaint sufficient under this Statute? One of its requirements is, that the premises shall be described with reasonable certainty.

In *Leary* v. *Langsdale*, 35 *Ind.*, 74, the complaint, which was filed before a Justice of the Peace, described the premises as " Room No. 2, in Langsdale's block, in the second story, on lot in square 57, in the city of Indianapolis." The Supreme Court said in that case: " Many insufficiencies might be pointed out in this complaint, but it is enough to say that it does not describe the property with any reasonable degree of certainty. Nor does it state in what county or State it is situated. This is fatal, and is not cured by answer."

In the case at bar the county is sufficiently identified by locating the property in the city of Indianapolis, and *State* of Indiana. The State being given, the Court will judicially take notice that the city of Indianapolis is in Marion county. *Indianapolis & Cincinnati Railroad Co.*, v. *Case*, 15 *Ind.*, 42 ; *same* v. *Stevens*, 28 *id.*, 430 ; *Hays* v. *The State*, 8th *id.* 425.

But the complaint is still defective in the matter of description.

The property sought to be recovered is nowhere described except in the notice, and there are no averments connecting

the premises named in the notice with the preceding allegations.

The word " said," in the first sentence of the complaint, has no antecedent, and consequently refers to nothing.

The words " their premises," in the same sentence, are not supported by an averment that they are the same premises mentioned in the commencement as being held by the defendants as tenants of the plaintiff.

That part of the complaint following the notice fails to state facts showing a right of possession in the plaintiff, and as the notice is not connected by proper averments with the preceding portion alleging a tenancy, there is really nothing in the complaint, but the notice and the charge that defendants failed to yield possession of the premises therein described.

The proceedings of Special Term must be reversed back to the first error. 2 G. & H., Statute 276, Sec. 569. That error was in overruling the demurrer to the complaint.

The judgment is, therefore, reversed, with costs, with instructions to sustain the demurrer, and give the plaintiff leave to amend.