Wishmier *v.* The State, for the Use of Dickey, Commissioner of Drainage.

Filed Sept. 20, 1884.

---

No. 11,084.

WISHMIER *v.* THE STATE, FOR THE USE OF DICKEY, COMMISSIONER OF DRAINAGE.

DRAINAGE.—*Expense.*—*Benefit.*—*Constitutional Law.*—The Legislature has constitutional power to authorize and provide for the drainage of wet and overflowed lands at the expense of those whose real estate is benefited by such work.

SAME.—*Title of Act.*—*Collecting Assessments.*—*Attorney's Fees.*—The title of the act of April 8th, 1881 (Acts 1881, p. 397), "An act concerning drainage," is sufficient, under section 19 art. 4 of the Constitution, to include legislation directing the mode of making and collecting assessments upon lands benefited by the work, including the collection of reasonable attorney's fees.

SAME.—*Complaint.*—*Substantial Compliance.*—A complaint to collect an as-

sessment under such act must state facts showing that assessments were in fact made upon the defendant's land; that they were confirmed by the judgment of the court, and that the defendant was a. party to the proceedings. It should show a substantial compliance with the various provisions of the statute. This is required notwithstanding the provisions of section 8 of the act.

From the Hamilton Circuit Court.

W. Henderson and J. W. Robinson, for appellant.

D. Moss, R. R. Stephenson, R. B. Beauchamp, G. W. Gifford and J. Mettlin, for appellee.

HAMMOND, J.—This action, commenced in the Tipton Circuit Court, reached the court below by changes of venue. It was a suit by the appellee against the appellant to enforce the lien, with attorney fees, of an assessment for drainage. The complaint was held good upon demurrer. Issues were joined and tried by the court and a finding and judgment rendered for the appellee. Appellant moved for a new trial, but his motion was overruled.

The proceedings to establish the ditch were had, and the present action was brought, under the act of April 8th, 1881 (Acts 1881, p. 397), prior to the amendments of 1883. Sections 4273 to 4284, R. S. 1881. Section 4277 provides, among other things, that the commissioner of drainage, charged with the execution of the work, "may, if he so determine, bring suit in the name of the State of Indiana, for his use as commissioner of drainage, in any court of competent jurisdiction, to enforce a lien upon any tract or tracts of land for the amount so assessed by him; and all judgments obtained in such cases may include reasonable attorney's fees for services in prosecuting the same, and shall be without relief from valuation or appraisement laws." The assessments here spoken of are those made by the commissioner charged with the execution of the work upon assessments of benefits to lands previously made by the commissioners of drainage, as confirmed by the court.

It is claimed by appellant that the act of the Legislature in question is void as being repugnant to the Constitution. It will be observed that the statute only authorizes the drainage of lands by assessments upon lands benefited by the work, where the public health will be improved, public highways benefited, or where the work is of public utility. Sections 4274–5, R. S. 1881. The power of the Legislature, in such cases, to authorize and provide for the drainage of wet and overflowed lands at the expense of those whose real estate is benefited by such work, has been fully recognized by this court. *Anderson* v. *Kerns Draining Co.*, 14 Ind. 199; *O'Reiley* v. *Kankakee Valley Draining Co.*, 32 Ind. 169; *Chambers* v. *Kyle*, 67 Ind. 206; *Desner* v. *Simpson*, 72 Ind. 435.

The title of the act of April 8th, 1881, *supra*, is "An act concerning drainage." Appellant's counsel urge that the title is not sufficient to cover various provisions of the act, such as those for the appointment of commissioners of drainage, prescribing the mode of collecting assessments and authorizing judgments in such collection to include attorney's fees for prosecuting actions to enforce liens. Section 19, art. 4, of the Constitution of the State provides that " Every act shall embrace but one subject and matters properly connected therewith ; which subject shall be expressed in the title." It is only the *subject* of an act that must be expressed in the title. Matters properly connected with such subject are not required to be thus expressed. *Thomasson* v. *State*, 15 Ind. 449; *Robinson* v. *Skipworth*, 23 Ind. 311; *Hingle* v. *State*, 24 Ind. 28; *Murray* v. *Kelly*, 27 Ind. 42.

In the act under consideration, its subject is briefly but fully expressed in the title. The appointment of commissioners of drainage and the mode of making and collecting assessments upon lands benefited by the work are matters properly connected with the subject of the act. We perceive no valid constitutional objections to the enactment of any of its provisions.

We think, however, that appellant's demurrer should have

been sustained to the complaint. Its averments as to the proceedings had to establish the ditch are for the most part not only indirect but exceedingly vague. There is no averment that the appellant's name or the description of his lands was contained in the petition for the construction of the ditch. Notice is not alleged to have been given of the intention to present the petition, and it can only be gathered, inferentially, from the complaint, that assessments were made by the commissioners of drainage upon the appellant's lands, or that such assessments were confirmed by the court. It is true that section 8 of the act (section 4280, R. S. 1881) provides that "collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries," and that "such judgment shall be conclusive that all prior proceedings were regular and according to law." At the same time, however, a complaint for the collection of assessments must state facts showing that assessments were in fact made upon the defendant's land; that they were confirmed by the judgment of the court; and that the defendant was a party to the proceedings. A complaint in a case like the present should aver facts showing a substantial compliance with the various provisions of the statute. *Shaw* v. *State, ante,* p. 23.

Reversed with costs, with direction to the court below to sustain appellant's demurrer to the complaint and for further proceedings.

Filed Sept. 20, 1884.