Filed Sept. 26, 1884.

———————◆———————

No. 11,505.

ROBERTS ET AL. v. STATE, FOR THE USE OF JONES, COMMIS-
SIONER OF DRAINAGE.

DRAINAGE.—*Lien for Ditch Assessments.*—*Complaint.*—*Copy of Assessment by Commissioner.*—*Exhibit.*—In a suit to enforce a lien for a ditch assessment under section 4275, *et seq.*, R. S. 1881, it is necessary that the assessment made by the commissioner charged with the execution of the work should be made the foundation of the suit, and either the original or a copy thereof filed as an exhibit.

From the Madison Circuit Court.

*J. Brown* and *W. A. Brown*, for appellants.

*C. L. Henry* and *H. C. Ryan*, for appellee.

BLACK, C.—The appellee sued the appellants to enforce a lien on certain land in Madison county for the amount of a ditch assessment made under the act of April 8th, 1881, section 4273, *et seq.*

The defendants demurred to the complaint for want of sufficient facts, and the demurrer was overruled. A demurrer to the joint answer of the defendants having been sustained they refused to answer further, and the court thereupon found and rendered judgment in favor of the plaintiff.

The complaint, which was filed on the 24th of May, 1883, alleged, among other things, that on the 15th of May, 1882, the commissioner charged with the execution of the work caused a notice, stating that the work had been established

Roberts *et al. v.* State, for the Use of Jones, Commissioner of Drainage.

by the court and giving the several assessments of benefits to the several tracts of land therein named, including the land against which it was by this suit sought to enforce a lien, as had been confirmed by the court, to be filed and recorded in the recorder's office of said county; that he duly assessed upon said lands the whole amount of said benefits as adjudged against them by the court, the entire amount assessed being necessary for the construction of the work; and that said commissioner gave notice as required by law, by publication in a weekly newspaper named, published in said county, that he would and did require the entire amount of said assessments, and required them to be paid in instalments not exceeding twenty per cent. per month, at the times fixed and set out in said notice, "a copy of which said assessment is filed herewith, and made a part of this complaint." The exhibit thus referred to was the report of the commissioners of drainage to the circuit court, showing, with other matters, the assessments made by said commissioners to the several tracts of land to be affected by the proposed work.

The assessment which became a lien that might be enforced by suit was that made by the commissioner charged with the execution of the work.   R. S. 1881, sections 4277, 4278.   It was necessary to the sufficiency of the complaint that this assessment should be made the foundation of the suit, and that this assessment, or a copy thereof, should be filed with the complaint.   *Crist* v. *State, ex rel. Whitmore, ante,* p. 389; *Shaw* v. *State, for the Use of Whitmore, ante,* p. 23.

For the failure of the complaint to exhibit the assessment sued on, the demurrer should have been sustained.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded, with instruction to sustain the demurrer of the defendants to the complaint.

Filed Oct. 11, 1884.