Filed Dec. 13, 1884.

———————————

No. 11,247.

LENNINGER *v.* WENRICK.

REAL ESTATE, ACTION TO RECOVER.—*Complaint.*—*Description.*—In an action for the recovery of real estate, the complaint is bad on demurrer, for the want of sufficient facts, if the description of the real estate is so defective that the proper officer of the court can not know or learn therefrom upon what premises he must enter to execute the judgment of the court.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant for the recovery of real estate. Appellant's demurrer to the complaint having been overruled, and his exception saved to such ruling, he answered by a general denial. The issues joined were tried by the court, and a finding was made for the appellee; and over a motion for a new trial judgment was rendered in her favor as demanded in her complaint.

The first error of which appellant complains in argument is the overruling of his demurrer to appellee's complaint. The point is made and earnestly insisted upon by appellant's counsel, that the complaint is radically and fatally defective in this, that it does not describe any certain or specific parcel of real estate as the subject of the action. The description in the complaint is substantially as follows: "A strip 41 rods

in width off the west end of the south of the southwest quarter of section 5, town. 10 north, range 1 west, excepting a right of way one rod in width on the south side of said tract, running east from the public road," situate in Monroe county, in the State of Indiana. This description is clearly bad, for the reason that it is impossible to learn therefrom whether the strip is off the west end of the south half, fourth, eighth or twelfth of the southwest quarter, etc. Appellee's counsel concede that the description is insufficient; but they insist that an objection to the complaint on that ground can not be reached by a demurrer for the want of facts, but only by a motion to make the description more specific. Counsel can not be sustained, we think, in this position. Section 1054, R. S. 1881, under which the appellee's action was brought, expressly requires that the plaintiff shall " particularly " describe in his complaint the premises for the possession of which he sues. This section of the statute is substantially a re-enactment of section 595 of the civil code of 1852, under which latter section it has been repeatedly decided by this court that the plaintiff's complaint, in such an action as the one at bar, must describe the premises sued for with reasonable certainty. *Leary* v. *Langsdale*, 35 Ind. 74; *Jolly* v. *Ghering*, 40 Ind. 139. There is nothing in the complaint by which the description of the real estate sought to be recovered can be rendered certain. That is certain which can be rendered certain; but this maxim of the law can not be applied to the description in appellee's complaint. *Rosenbaum* v. *Schmidt*, 54 Ind. 231.

In *Whittelsey* v. *Beall*, 5 Blackf. 143, a demurrer to a bill in chancery for the foreclosure of a mortgage had been overruled below. Upon appeal, this court said: " The objection urged to the bill is, that the description of the land is too indefinite to authorize the court to make a decree ordering the sale of it. We think the objection well taken. We do not mean to say that the description is so vague as to make the deed inoperative. It may be sufficient to convey the land.

* * * * *   But we think the bill is defective in not so describing the land, that the officer of the court may know on what premises to enter to execute the order of the court." To the same effect are many more recent decisions of this court. *Gigos* v. *Cochran,* 54 Ind. 593; *Halstead* v. *Board, etc.,* 56 Ind. 363; *Hammond* v. *Stoy,* 85 Ind. 457.

· We conclude, therefore, that the appellant's objection to the complaint, in the case at hand, was well taken by his demurrer thereto for the want of sufficient facts, and that the court erred in overruling such demurrer.   This conclusion renders it unnecessary for us to consider now the other matters of which the appellant's counsel complain in argument.

The judgment is reversed, with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, and for further proceedings.

Filed Dec. 16, 1884.