The State, for the Use of Bringham, Comm'r of Drainage, v. Turvey et al.

No. 11,707.

THE STATE, FOR THE USE OF BRINGHAM, COMMISSIONER OF DRAINAGE, v. TURVEY ET AL.

DRAINAGE.—*Complaint.*—*Exhibit.*—In an action to enforce an assessment made under the drainage act of April 8th, 1881, R. S. 1881, section 4273, et seq., the complaint is bad if the assessment made by the commissioner charged with the execution of the work, or a copy thereof, is not filed with the complaint or made a part thereof.

From the Benton Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*D. Smith*, for appellee.

BLACK, C.—The court below sustained a demurrer to the complaint in a suit brought to collect an assessment for a drain. The proceeding for drainage was in the White Circuit Court, the lands affected being in White and Benton counties, that of the petitioner for drainage being in White county. Said proceeding was had, and the assessment sued on was made, under the act of April 8th, 1881, R. S. 1881, section 4273, *et seq.*

Counsel for the appellant are correct in insisting that the White Circuit Court had jurisdiction of all the lands to be affected, though some of them were situated in Benton county, and that the commissioner charged with the construction of the drain had authority to make his assessments against said lands in both counties. This court has so construed the statute. *Shaw* v. *State, etc.*, 97 Ind. 23; *Crist* v. *State, ex rel.*, 97 Ind. 389.

But we observe a fatal defect in the complaint. The assessment made by the commissioner charged with the execution of the work, or a copy thereof, was not filed with the complaint, or made a part thereof, as was necessary, this assessment constituting the lien, to enforce which was the object of the suit. See the cases above cited; also, *Roberts* v. *State, ex rel.*, 97 Ind. 399; *Neiman* v. *State, ex rel.*, 98 Ind. 58.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant. Filed Jan. 23, 1885.