Jackson *v.* The State, for use of Lindley, Drainage Commissioner.

Filed Oct. 14, 1885.

No. 11,786.

JACKSON *v.* THE STATE, FOR USE OF LINDLEY, DRAINAGE COMMISSIONER.

PLEADING.—*Complaint to Enforce Ditch Assessment.—Notice.*—A complaint to enforce the collection of a ditch assessment, which fails to allege that defendant had notice of the proceedings, or that any notice whatever was given, is bad on demurrer; and the filing of a copy of the proceedings as an exhibit, from which it appears that due notice was given, will not make the complaint good.

SAME.—*Exhibits.*—Instruments which are not the foundation of a pleading should not be made exhibits, and, if they are, they cannot be deemed a part of the pleading.

From the Howard Circuit Court.

*J. W. Kern, B. F. Harness, J. C. Blackledge* and *W. E. Blackledge,* for appellant.

*M. Garrigus,* for appellee.

ELLIOTT, J.—The complaint, the sufficiency of which is challenged by demurrer, seeks to enforce the collection of an assessment for the construction of a ditch.

It is not averred in the body of the complaint, that the appellant had notice of the proceedings, or that any notice whatever was given, and for this reason the appellant's counsel insist that the court erred in overruling the demurrer.

The appellee attempts to parry the attack by the argument that the proceedings are set forth as an exhibit, and it there appears that notice was given. We do not think the appellee's position can be maintained. It has been very many times decided that instruments which are not the foundation of the pleading should not be made exhibits, and that, if they are, they can not be deemed part of the pleading. The practice of crowding the record with evidence in the form of exhibits has often been condemned as a censurable one. The proceedings of the officers and viewers in laying out and constructing a ditch may be evidence, but it is not proper to plead evidence. It is not the duty of the court to examine evidence set forth in a pleading to ascertain whether facts may be inferred; on the contrary, it is the duty of the pleader to state traversable facts positively and directly. It has been held that the assessment is the foundation of the action to enforce collection of benefits, and that it must be made an exhibit. *State, ex rel.*, v. *Myers*, 100 Ind. 487; *State* v. *Turvey*, 99 Ind. 599; *Neiman* v. *State*, 58 Ind. 88; *Roberts* v. *State*, 97 Ind. 399; *Crist* v. *State, ex rel.*, 97 Ind. 389; *Albertson* v. *State, ex rel.*, 95 Ind. 370; *Smith* v. *Clifford*, 83 Ind. 520. But we do not think that a plaintiff in such a case as this can make a good complaint by making exhibits of instruments not constituting the foundation of his complaint. If this were so, there need be no averments at all in the body of the complaint as to what proceedings were had, and the court would be compelled to look through a long and complicated record, affecting many interests and many persons, to ascertain what the facts were. Good pleading requires that the material facts shall be concisely and directly stated in the body of the complaint.

It was essential to the plaintiff's case to show notice, and this material fact should have been directly alleged. Its absence makes the complaint bad. *Wishmier* v. *State*, 97 Ind. 160, see p. 163; *Neiman* v. *State, supra; Shaw* v. *State*, 97 Ind. 23.

The omission to aver notice,is the omission of a most material matter, for notice is essential to the validity of the proceedings. It has, indeed, been many times held that the Constitution requires notice, and what the Constitution requires the Legislature can not dispense with even by express statute; but this has not been attempted, for notice is required by the statute upon which the proceedings are founded.

Judgment reversed.

Filed Oct. 16, 1885.