Filed Jan. 12, 1887.

———————

No. 12,745.

KENNEDY *v.* THE STATE, FOR USE OF DORSETT, DRAINAGE COMMISSIONER.

DRAINAGE.—*Complaint to Collect Assessment.— Must Show Notice of Filing Petition for Drain.*—A complaint to collect a drainage assessment is bad on demurrer unless it shows, either by averment or by exhibits properly constituting a part of it, that some notice was given of the filing of the petition for the establishment of the drain.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*G. W. Grubbs* and *M. H. Parks,* for appellee.

HOWK, J.—The first error assigned by appellant, the defendant below, upon the record of this cause, is the overruling of his demurrer to the second paragraph of appellee's complaint.

The second paragraph, as it is called, is the only complaint in the record of this cause, and, for the sake of brevity, it will be spoken of as the complaint in this opinion. In his complaint, appellee's relator alleged that he was one of the drainage commissioners of Morgan county; that, on the 24th day of April, 1883, Joshua Wooden, a resident freeholder of Morgan county, filed his petition in the court below, praying for the construction of a ditch or drain extending into the townships of Adams and Gregg, in such county, describing therein the beginning, course and terminus, the utility and purpose of the same, and the lands to be affected, with the names of the owners, whose lands would be benefited by the construction of such ditch; that such proceedings were then and there had, that the court having found such petition to be sufficient ordered that it be referred to the drainage commissioners of such county, to wit, William H. Miller and Solomon Dorsett, the relator herein; that said commissioners, after inspecting the beginning, course and terminus, and all the lands that would be affected by the proposed ditch, as provided by law, and having assessed the benefits and damages to all lands affected, on the 28th day of September, 1883, filed their report in open court, a copy of which report with such assessments therein was filed with and made part of the complaint. Here a certified transcript of the proceedings of the court below, on September 28th, 1883, on the petition of said Joshua Wooden, is set out in the body of the relator's complaint herein, containing, among other things, the report of the drainage commissioners with their assessments of benefits and damages, and the judgment of the court establishing the proposed ditch, and approving and confirming the assessments made by said commissioners, and directing the relator, Solomon Dorsett, one of such com-

missioners, to construct and make the proposed ditch. It is shown by this transcript, that certain described real estate was assessed with benefits, in the name of appellant, Kennedy, to the aggregate amount of eighty dollars.

It was further alleged by the relator, that among the lands set out in Wooden's petition, and in such report of the drainage commissioners, as benefited by the construction of the proposed ditch, were the following lands owned and occupied by appellant, Kennedy, in Morgan county, to wit: (description omitted); that the benefits assessed by said commissioners against such lands, and made part of their report and approved by the court, amounted to the sum of eighty dollars; that under and pursuant to the order of the court, the relator had proceeded with the construction of such ditch, and then had the same about completed in accordance with such order; that relator had made assessments against the lands embraced in such order, including those of appellant, ratably upon the amounts assessed by the drainage commissioners, and adjudged by the court, for the construction of such ditch, and that he gave notice of such assessments by publication thereof in the "Martinsville Republican," a paper of general circulation in Morgan county, and by personal notice to the appellant; that the whole of the benefits assessed against all of said lands, and against appellant's lands, were found to be necessary for the construction and completion of the proposed ditch; that he made an assessment of the entirety of said sum of eighty dollars against the appellant, and gave him notice of the time and place, when and where the several instalments were required to be paid; but that appellant had wholly failed and refused to pay said assessment, or any part thereof, and that such sum was due and wholly unpaid. A copy of such assessment and of the notice thereof was set out in such complaint, as a part thereof. Wherefore, etc.

Appellant's demurrer to the foregoing complaint, for the want of sufficient facts therein to constitute a cause of action,

was overruled by the court, and this ruling is assigned here as error.

Many objections to the sufficiency of the relator's complaint are urged here, in argument, by appellant's learned counsel.   One of these objections, at least, it must be held, in conformity with our previous decisions, is well taken, and must be sustained.   That objection is, that the relator nowhere alleged in his complaint, nor did he show by any exhibit set out therein, or made part thereof, that any notice of any kind was given by the petitioner, Joshua Wooden, of his intention to file his petition for the establishment and construction of the ditch, mentioned in such complaint.

In section 3 of the drainage act of April 8th, 1881 (section 4275, R. S. 1881), as such section was amended by section 2 of the amendatory act of March 8th, 1883 (Acts of 1883, p. 174), which amended section was in force from and after its passage, and at and before the time of the filing of Joshua Wooden's petition in the court below, it was provided as follows : " Whenever the petitioner shall file his petition in the clerk's office of the circuit court, he shall fix and note thereon the day set for docketing thereof, and if it appear to the court that notice has been given of the filing of said petition by posting up notices thereof in three public places in each township where the lands are situated, described in said petition, and near the line of the proposed work, and at the court-house door in each of the counties in which said lands are situated, not less than twenty days before the day noted thereon, and set as the day for the docketing the same, the court shall order the same placed on the dockets of said court as an action pending therein."

In construing these statutory provisions, it has been held by this court that the notice called for therein is jurisdictional, and that even in a suit, such as the one under consideration, for the collection of an assessment of benefits and the enforcement by foreclosure of the statutory lien on the lands benefited, it must be shown in the complaint in some

manner, either by positive averment or by exhibits properly constituting a part thereof, that some notice of the kind was in fact given.

The pending suit, under our decisions, is, in some sense, collateral to the proceedings and judgment on the original petition of Joshua Wooden for the establishment and construction of the ditch. Yet it has been held in many of our cases, such as this, for the collection of an assessment of benefits and the enforcement of the statutory lien thereof, notwithstanding the presumptions that are ordinarily indulged by this court in favor of the jurisdiction of our circuit courts as courts of general jurisdiction, that the relator must show in his complaint by positive averment, or by proper exhibit therewith filed, that some notice was given of the filing of the petition for the establishment and construction of the ditch. Thus, in the recent case of *Pickering* v. *State, etc.*, 106 Ind. 228, which was a suit for the collection of an assessment of benefits, the court said : " We think our cases establish the rule that it must appear either in the body of the complaint, or in the exhibit properly a part of that pleading, that there was some notice, and this is the general current of authority."

In our earlier drainage cases, where suits had been brought for the collection of assessments of benefits and the enforcement of the statutory lien thereof, it was held, substantially, that the complaint of the plaintiff must state facts, showing that the provisions of the statute had been essentially complied with, from the commencement of the original proceedings for the establishment and construction of the ditch, to the last act necessary to be performed therein. *Shaw* v. *State, etc.*, 97 Ind. 23 ; *Wishmier* v. *State, etc.*, 97 Ind. 160. The rule of pleading declared in the cases cited has since been materially modified.

In *Laverty* v. *State, ex rel.*, *ante*, p. 217, the court said: " In suits for the collection of drainage assessments, such as the case under consideration, all that the complaint of the

plaintiff's relator need state or show, of or concerning the original proceedings and judgment for the establishment of the ditch, are (1) that some notice was given of the filing of the petition for the ditch, (2) the filing of such petition, (3) the report of the commissioners of drainage of the benefits and damages assessed, and (4) that such report was approved and confirmed by the judgment of the court, and (5) a copy of the assessment against the defendant, in all cases, must be either set out in, or filed with and made part of, such complaint." Upon the same subject, see, also, the following cases: *Moss* v. *State, ex rel.*, 101 Ind. 321; *Jackson* v. *State, etc.*, 103 Ind. 250; *McMullen* v. *State, ex rel.*, 105 Ind. 334.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of complaint, etc.

