Liggett *et al.* *v.* Lozier.

No. 16,030.

LIGGETT ET AL. *v.* LOZIER.

PLEADING.—*Complaint.*—*Action to Recover Possession of Real Estate.*—*Sufficiency of Description.*—*When an Exhibit Can not Aid the Complaint.*—A complaint for the recovery of the possession of real estate is bad which does not contain a sufficient description of the land sought to be recovered, and a copy of a deed which is not the foundation of the action, being filed with the complaint as an exhibit, can not be looked to in aid of the allegations of the complaint.

SAME.—*Complaint.*—*Insufficiency.*—*Real Estate.*—*Recovery of.*—*Making a Party Defendant.*—*Appended Clause.*—A complaint against A. to recover the possession of real estate, after the prayer for relief, contains the following: "And the plaintiff makes B. a defendant, as she has some pretended claim to said land." Such action not being one to quiet title, no cause of action is stated against B., and there being no prayer for relief against B., as to her the complaint is insufficient.

From the Ohio Circuit Court.

*L. B: Coles* and *G. B. Hall*, for appellants.

*R. L. Davis*, for appellee.

COFFEY, J.—This was an action by the appellee, against the appellants, in the Ohio Circuit Court, for the possession of real estate. The complaint in the cause consists of two paragraphs.

The court overruled the separate demurrer of the appellant William Liggett. to each paragraph of the complaint, and he excepted.

The court also sustained the separate demurrer of the appellant Martha E. Liggett to the first paragraph of the complaint, and overruled it as to the secónd paragraph, and she excepted.

The correctness of these several rulings of the Circuit Court is called in question by the assignment of error in this court.

In our opinion the Circuit Court erred in overruling the

demurrer of the appellant William Liggett, to the first paragraph of the complaint. That paragraph contains no description of the land sought to be recovered. A complaint for the recovery of the possession of real estate, which does not contain a sufficient description of the land sought to be recovered, is bad on demurrer. Sections 1054 and 5225, R. S. 1881; *College Corner, etc., Co.* v. *Moss*, 92 Ind. 119; *Lenninger* v. *Wenrick*, 98 Ind. 596.

It is true that the appellee filed with his complaint, as an exhibit, a copy of a deed executed by the appellants to him for the land in controversy, but such deed, not being the foundation of the action, is no part of the complaint, and can not be looked to in aid of its allegations. *Huff* v. *City of Lafayette*, 108 Ind. 14; *Pickering* v. *State, For Use, etc.*, 106 Ind. 228; *Huseman* v. *Sims*, 104 Ind. 317; *Jackson* v. *State, For Use, etc.*, 103 Ind. 250.

The second paragraph of the complaint proceeds upon the theory that the relation of landlord and tenant exists between the appellee and the appellant William Liggett. There are no allegations in this paragraph against the appellant Martha E. Liggett.

At the conclusion of the prayer for relief against the appellant William Liggett is found this language:

"And the plaintiff makes Martha E. Liggett a defendant, as she has some pretended claim to said land."

This is not an action to quiet title. This paragraph seeks to recover the possession of the land described therein, upon the alleged ground that the relation of landlord and tenant had existed between the appellant and William Liggett, which tenancy had expired. No cause of action is stated against the appellant Martha E. Liggett, nor does the appellant pray any relief as to her. As to her, we think this paragraph was insufficient. The court erred in overruling her demurrer to this paragraph of the complaint.

The cause was tried by a jury, which returned a general verdict for the appellant. The evidence is not in the rec-

ord. We can not say, therefore, that the cause was fairly tried on its merits.

Judgment is reversed, with directions to sustain the demurrer of the appellant William Liggett to the first paragraph of the complaint, and also to sustain the demurrer of the appellant Martha E. Liggett to the second paragraph of the complaint.

Filed November 28, 1892.