## SHEFFER ET AL. *v.* HINES.

[No. 18,265.   Filed February 3, 1898.]

PLEADING.—*Complaint.—Action to Set Aside Conveyance of Real Estate.—Description.—*A complaint, in an action to set aside the conveyance of real estate as fraudulent, which fails to describe the real estate with such certainty that when carried into the decree the judgment of the court would become effective without extraneous evidence, is bad. *pp. 413, 414.*

SAME.—*Amendments Deemed to Have Been Made After Verdict.—*Section 670, Burns' R. S. 1894, under which amendments to pleadings for any defect in form are deemed to have been made, does not apply to matters of substance which have been omitted. *p. 414.*

From the Jay Circuit Court. *Reversed.*

*James J. Moran, W. H. Williamson, and J. F. Denney,* for appellants.

*Thomas Bosworth,* for appellee.

HACKNEY, J.—This was a suit by the appellee against the appellants to set aside as fraudulent the conveyance of lands the description of which, given in the complaint was by the numbers of the sections, town-

ships, and ranges, without any indication of the state or county, and without reference to any object from which a location within this State could be inferred. The lower court overruled appellants' demurrer to said complaint, and that ruling presents one of the alleged errors for review.

In our opinion, the description was fatally deficient in not pointing out the lands in question with such certainty as, when carried into the decree, the judgment of the court would become effective without extraneous evidence. Without pointing out the location by county or state, or some fixed monument of which judicial knowledge would be taken, it could not be known that the lands were within the jurisdiction of the court. As a question of pleading, the complaint, in this respect, was bad, and the demurrer should have been sustained. *Swatts* v. *Bowen*, 141 Ind. 322, and authorities there cited. See, also, *Weed* v. *Edmonds*, 4 Ind. 468; *Boxley* v. *Collins*, 4 Blackf. 320; *Eel River, etc., Assn.* v. *Topp*, 16 Ind. 242; *Leary* v. *Langsdale*, 35 Ind. 74; *Lenninger* v. *Wenrick*, 98 Ind. 596; 1 Works Prac., 134; *Liggett* v. *Lozier*, 133 Ind. 451.

Counsel for appellee insists that after verdict the complaint will be regarded as amended as to the description. A like insistence was made in *Lenninger* v. *Wenrick, supra,* but its application was denied. The statute, section 670, Burns' R. S. 1894, under which amendments for any defect in form are deemed to have been made does not apply to matters of substance which have been omitted. *May* v. *State Bank*, 9 Ind. 233; *Johnson* v. *Breedlove*, 72 Ind. 368; *Friddle* v. *Crane*, 68 Ind. 583; *Old* v. *Mohler*, 122 Ind. 594; Elliott's App. Proc., section 640.

An error in overruling a demurrer is never cured by this statute. *Johnson* v. *Breedlove, supra; Abell* v. *Riddell*, 75 Ind. 345; *Pennsylvania Co.* v. *Poor*, 103 Ind. 553.

The record presents a further question as to the admissibility of evidence that the alleged fraudulent grantor was a resident householder, and entitled to exempt the property in question.  These questions may not arise upon another trial of the cause, and we do not pass upon them.  It may not be amiss, however, to refer to the recent case of *Isgrigg* v. *Pauley,* 148 Ind. 436, wherein it was decided that the right of exemption and the inchoate right of the wife were proper subjects of inquiry in determining the question of fraud in the conveyance of property.

For the error named, the judgment is reversed, with instructions to sustain the demurrer of the appellants to the complaint.