## THE CITY OF BLOOMINGTON v. PHELPS ET AL.

[No. 18,070.    Filed February 25, 1898.]

APPEAL AND ERROR.—*Transcript.*—The trial court is the custodian of its own files, and when a transcript properly certifies a pleading to the Supreme Court, it must be accepted as conclusive, until the appellate tribunal is advised that the clerk will change his certificate, or that the lower court has, by some proper action, made the record or files below disclose a condition differing from that disclosed by the transcript. *p. 597.*

MUNICIPAL CORPORATION.—*Street Improvements.—Collateral Attack. —Proof of Publication.—Statute Construed.*—An assessment for street improvements cannot be collaterally attacked.because the municipality failed to make a matter of record the proof of publication as required by section 481, Burns' R. S. 1894. *pp. 598-600.*

SAME.—*Common Council.—Notice.— Assumption of Jurisdiction.*— A common council acting upon a notice is an adjudication of its sufficiency, without a formal entry upon the question of notice. *p. 599.*

SAME.—*Contract for Street Improvements.—Best Bidder.—Estoppel.*— After street improvements have been completed, and the benefits thereof have been received, a property owner cannot object to an assessment because the contract for such improvements was let to one whose bid was slightly higher than the bid of another. *pp. 600, 601.*

From the Monroe Circuit Court.    *Reversed.*

*H. C. Duncan* and *I. C. Batman*, for appellant.

*Louden & Louden*, for appellee.

HACKNEY, J.—The transcript in this case discloses the loss of the original complaint, as filed by the appellant, and the filing of a substituted complaint by permission of the trial court, which substituted complaint is embodied in and identified by the transcript, at the point where such permission was given.

The appellees, upon affidavits and motion in this court, sought a writ of *certiorari* to correct the record, upon the alleged ground that the substituted complaint so copied in the transcript was not properly of

the files of the lower court in the cause.  The writ was granted, that the clerk might, if he chose to do so, correct his certificate, but this he did not do.  We are now asked, upon affidavits and counter affidavits filed by the parties, to disregard that part of the transcript designated as the "substituted complaint."

This we cannot do.  The remedy upon a question of the identity of the pleadings in a cause, is to be had only in the trial court; and, when a transcript filed in this court properly identifies a pleading as a part of the record, we are bound by it.  Any other rule, as must be apparent, would lead to hopeless confusion in the settlement of controverted questions of the identity of parts of the record.  The trial court is always possessed of better knowledge and more direct information of its files and proceedings than this court can be, and such disputes as that here sought to be made relates to the files of the lower court, and not to those of this court.  That court is the custodian of its own files, and, when a transcript properly certifies a pleading to this court, it must be accepted as conclusive until we are advised that the clerk will change his certificate, or that the lower court has, by some proper action, made the record or files below disclose a condition differing from that disclosed by the transcript.

The principal question in the case is as to the priority of an alleged lien for street improvements, made under the Barrett Law, section 4288, *et seq.*, Burns' R. S. 1894, and a mortgage alleged to have been executed by the property owner to the appellees before any of the proceedings for the improvement.  This question arises upon special findings of facts and conclusions of law stated by the trial court.  The findings give in detail the proceedings of the city, a part of which only are in dispute.

As we understand the appellee's learned counsel, it

is not objected that the notices required by the statute were not given, but it is claimed that no proof of the publications required was ever made. It is expressly found that the common council passed a resolution of the necessity of the improvement, by a particular method and within given limits, and fixed a day and hour for hearing objections to the making of such improvements; that thereafter, and before the day so fixed, two weeks' notice was given by a publication in a newspaper, whose circulation and name are stated, which notice gave the time and place of such hearing, but that the record of the proceedings do not show that proof of notice was made. It is further found that, at a time subsequent to the date fixed for such hearing, the common council adopted an ordinance, by a two-thirds vote, for the construction of said improvement according to the plans and specifications adopted therefor, and which said ordinance was published for three weeks in a newspaper, of name and circulation stated, but that the records of the proceedings do not show that proof of such publication was made; that advertisement for bids was made for three weeks, etc., but that the record of the proceedings does not disclose that proof of publication thereof was made.

. It is insisted for the appellees that by section 481, Burns' R. S. 1894, proof of publication, in such proceedings, is required, and that in the absence thereof the proceedings are without jurisdiction, and consequently void.

That proceedings without jurisdiction are ordinarily of no validity may be conceded, but that the failure of the record to affirmatively disclose the proof of publication defeats jurisdiction, or that the statute last cited requires proof of publication, are propositions not so readily conceded. That provision of the

statute, a part of the civil code, is as to the manner in which proof of publication may be made, and is not a requirement that proof shall be made only in that manner. The finding of the court is not that proof, by the method provided in that statute or otherwise, was not made, but it is that no record was made of any such proof. No statute has been cited as requiring such record, and it has been uniformly held that a tribunal such as the common council or county board, acting upon notice is an adjudication of its sufficiency, without a formal entry upon the question of notice. *Taber* v. *Ferguson*, 109 Ind. 227; *Updegraff* v. *Palmer*, 107 Ind. 181; *Jackson* v. *State*, 103 Ind. 250; *Cauldwell* v. *Curry*, 93 Ind. 363; *Board, etc.*, v. *Hall*, 70 Ind. 469.

The method of attack upon the assessment in question is collateral, and in such attacks all reasonable presumptions in favor of jurisdiction are indulged. Here we have notices, confessedly such as the law required. The failure to enter the proof of such notices did not diminish the force of the notices to bring to the common council jurisdiction over the person of those interested. Jurisdiction of the subject-matter is conceded. The notice having given jurisdiction of the person, it was not lost by the mere irregularity, if an irregularity, in not entering of record the proof of notice. "It seems to be settled  *  *  * that in matters of local improvement where jurisdiction over the whole subject is conferred upon a municipal corporation, with power to make local assessments for that purpose, any failure to comply strictly with any statutory requirement, not affecting the jurisdiction, will be regarded as a mere irregularity, and in a collateral proceeding will be disregarded." *Barber, etc., Co.* v. *Edgerton*, 125 Ind. 455, and see authorities there cited. See, also, *McEneney* v. *Town of Sullivan*, 125 Ind. 407.

The failure to enter of record the proof of notice is not, in our opinion, a failure in respect to jurisdiction, and is not, therefore, a question for collateral attack.

One further question arises, upon the finding "That the records of said common council show that said bids were referred to George Champ, city civil engineer, and that he reported that the bid of John S. Rogers would amount to about $42.00 more than the bid of Alva Dobson, but on account of Mr. Rogers being the contractor on the east end of said street, and, the peculiar surroundings of the work, it would cost less money at Mr. Rogers' bid, notwithstanding it was $42.00 more on the price of the bid."

Under that provision of the statute requiring the contract to be let to the "best bidder," section 4288, Burns' R. S. 1894, it is insisted that the above finding requires the conclusion that the letting to Mr. Rogers was void. Limitations of this character upon the power of municipal officers are found in most of the grants of power to them. Some restrict the letting to the "lowest bidder," some to the "lowest responsible bidder," and some to the "best bidder." There can be no doubt that the primary purpose of these provisions is to prevent the arbitrary letting of public contracts to favored bidders, regardless of the welfare of those to be charged with the cost of the improvement. Nor can there be any doubt that the municipal officers should observe their duty in this respect. To what extent the varying forms in which the limitation is expressed may be held to vest discretion in them and call for the exercise of a sound judgment, or when the limitation may be regarded as mandatory, we do not now determine. Here the slight difference in the bids suggests no fraudulent purpose, and the appellees, even if they had ever had the power to restrain the execution of the contract, or the performance of the work

under it, are now in no position to complain, after having permitted the execution of the contract and the performance of the work under it; thus accepting benefits without objection until called upon to pay for them. Such an objection, it has often been held, cannot avail. *Board, etc.,* v. *Plotner, ante,* 116, and authorities there cited. See, also, *May* v. *City of Detroit,* 26 Mich. 263; 12 Am. Law Reg. (N. S.) 149.

We do not understand counsel for appellees to contend that, if the lien of the city is valid, it is not senior to the mortgage. However, the seniority of the assessment is expressly declared by the statute, section 4290, Burns' R. S. 1894, which has its reason in the conclusion that the security has been enhanced in proportion to the amount of the improvement lien.

We are of opinion, therefore, that the court's conclusion of law extending priority of liens in favor of the mortgage was erroneous. The judgment is reversed, with instructions to restate the conclusions of law in accordance with the conclusion herein stated.