## COOPER ET UX. *v.* THE ARCTIC DITCHERS.

DITCHING COMPANY.—*Repeal of Statute.*—By the act of December 14th, 1872, (Acts 1872, p. 46,) repealing the act of May 22d, 1869, (3 Ind. Stat. 222,) authorizing "the construction of levees, dikes and drains," etc., "by incorporated companies," etc., all companies incorporated under the latter act, except those the main line of whose contemplated work did not exceed sixteen miles in length, were abolished.

SAME.—*Action for Assessment.—Pleading.—Complaint.*—In an action by a ditching company incorporated under the latter act, commenced since its repeal, to collect an assessment, the complaint must aver, as matter of fact, that the main line of the plaintiff's contemplated work does not exceed sixteen miles in length, or it will be insufficient.

SAME.—*Averment as to Bond.*—In an action by a ditching company, incorporated under any existing or prior statute of this State, to collect an assessment to aid in the construction of its contemplated work, the complaint must aver that the plaintiff's board of directors have executed a bond, conditioned for the faithful application of assessments collected by them, as required by the 23d section of the act of March 10th, 1873, (1 R. S. 1876, p. 418,) "to authorize and encourage the construction of levees," etc.

VENUE.—*Change from County.—Clerk.*—Upon the payment of the costs of a change of the venue of a cause, from one county to another, within the time prescribed in the order granting the change, it is the duty of the clerk of the former county to transmit to the clerk of the latter the proper papers and transcript of such cause.

SAME.—*Failure to Perfect.—Negligence of Clerk.*—If the costs of such change be promptly paid, the failure of the clerk of the former county to transmit such papers and transcript to the clerk of the latter, within the time prescribed by the order granting such change, does not authorize the court to which such change is taken to order the return of such cause to the court from which such change was taken.

From the Tipton Circuit Court.

*J. Green* and *D. Waugh,* for appellants.

HOWK, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the court below. Appellee's complaint was in three paragraphs, and was filed on the 5th day of November, 1874. At the ensuing November term, 1874, of the court below, the appellants appeared, and moved the court, upon their affidavit filed, for an order changing the venue of said cause from Tipton county, which motion was granted; and it was ordered by the

court below, that, upon the payment by appellants of the costs occasioned by such change of venue, the clerk of the court should make out a complete transcript of the record of the court in this cause, and transmit the same and all the papers in the cause to the clerk of the Howard Circuit Court.

At the January term, 1875, of said Howard Circuit Court, the appellee moved the court to remand this cause to the court below, to which motion the appellants objected, and filed an affidavit in support of their objections, but their objections were overruled, and appellee's motion was sustained by the Howard Circuit Court, and the cause was remanded to the court below, to all of which the appellants excepted, and filed their bill of exceptions, signed and sealed by said Howard Circuit Court, and made part of the record of this cause.

In the court below, the appellants demurred separately to each of the three paragraphs of appellee's complaint, for an alleged insufficiency of the facts stated in each paragraph to constitute a cause of action, which demurrers were severally overruled by the court below, and to each of said decisions the appellants excepted.

And appellants answered, in nine paragraphs, the appellee's complaint, but afterward withdrew the 1st and 6th paragraphs of said answer, and the 3d paragraph thereof was struck out on appellee's motion; and appellee then demurred separately to the 2d, 4th, 5th, 7th, 8th and 9th paragraphs of said answer, for an alleged want of sufficient facts in each of said paragraphs to constitute a defence to appellee's action. And said demurrer was sustained to each paragraph of the answer, to which decision the appellants excepted, and, declining to amend or answer further, judgment was rendered by the court below, upon said demurrer, in favor of appellee and against appellants, as prayed for in appellee's complaint.

In this court, the appellants have assigned as alleged errors the decision of the Howard Circuit Court in re-

manding this cause from that court to the court below; also, the decisions of the court below in overruling appellants' demurrers to the several paragraphs of appellee's complaint; and, also, the decisions of the court below in sustaining appellee's demurrers to the 2d, 4th, 5th, 7th, 8th and 9th paragraphs of the appellants' answer.

We will consider and decide the various questions presented by these alleged errors, or such of them as we may think material, in what we regard as their proper order. And, in so doing, the alleged insufficiency of the facts stated in each paragraph of the complaint, to constitute a cause of action, will be first considered. In each paragraph of its complaint, the appellee sought to recover an alleged assessment of benefits to a certain and different quarter of a quarter section of land in Tipton county, Indiana, owned by the appellant Rebecca M. Cooper, the wife of her co-appellant, James Cooper, and to have such assessment declared a lien on such land, etc. Each paragraph of said complaint is very long, and we will not attempt to set out more of either paragraph than may be neces- sary to a proper understanding of appellants' objections thereto.

It appears in each paragraph of the complaint, that the appellee claimed to be a corporation, organized as such on the 21st day of July, 1870, under the provisions of an act entitled "An act to authorize and encourage the construction of levees, dikes and drains, and the reclamation of wet and overflowed lands by incorporated companies, and to repeal all former laws relating to the same subject," which act became a law, without executive approval, on the 22d day of May, 1869. 3 Ind. Stat. p. 222. This act, under which appellee was incorporated, was repealed by an act approved December 14th, 1872, with the following *proviso* in said repealing act:

"*Provided*, that the existence and the rights, franchises and powers of all incorporated companies organized under said acts, or under any prior law of this State, re-

pealed by said acts, the main line of whose contemplated work does not exceed sixteen miles in length, shall be saved unimpaired and unaffected by this repealing act." Acts 1872, p. 46.

It is manifest from this *proviso*, that all corporations organized under the said act, which became a law on May 22d, 1869, the main line of whose contemplated work did exceed sixteen miles in length, on said 14th day of December, 1872, by said repealing act, lost their existence, rights, franchises and powers as incorporated companies. Therefore, it became and was necessary that such corporations as might come within said *proviso*, for the purpose of showing that, notwithstanding said repealing act, they still had a legal existence, and were possessed of the rights, franchises and powers of such incorporated companies, should aver in any action brought, as a matter of fact, that the main line of their contemplated work did not exceed sixteen miles in length. In the case at bar, the appellants' counsel say, that each paragraph of appellee's complaint was insufficient on the demurrer thereto, for the reason that it did not contain an averment that the length of the main line of its contemplated work did not exceed sixteen miles, and thereby bring itself within the *proviso* of said repealing act. In our opinion, this point is well taken. The repealing act of December 14th, 1872, is general and sweeping in its terms, and abolished all corporations organized under the act of May 22d, 1869, except those the main line of whose contemplated work did not exceed sixteen miles. The courts can not take notice of the length of the main line of appellee's contemplated work. And when the appellee averred in its complaint, that it was a corporation under a law which had been subsequently repealed, it was incumbent, we think, on the appellee to show, by proper averments, that its existence, rights, franchises and powers were not impaired nor affected by said repealing act.

By an act approved March 10th, 1873, to authorize

and encourage the construction of levees, dikes, drains and ditches, etc., the Legislature of this State again provided for the organization of such corporations as the appellee. 1 R. S. 1876, p. 418. By the 28th section of said act, the act which became a law on the 22d day of May, 1869, was again repealed. In the 29th section of said act, there is a proviso similar to, but fuller than, the proviso in said repealing act of December 14th, 1872, before cited. The proviso in said 29th section contained this stipulation, in relation to corporations which had been organized under the laws repealed by the preceding section; " the main line of whose contemplated work does not exceed sixteen miles in length, .* * * ; and all such organizations may prosecute and complete their proposed work, and make and collect assessments to defray the costs of the same under the provisions of this act, in the same manner as if they had been organized under the same, and not otherwise." 1 R. S. 1876, p. 427.

If it is conceded that the main line of appellee's contemplated work did not exceed sixteen miles in length, and that, therefore, the existence, rights, franchises, and powers of the appellee were saved, unimpaired and unaffected by the repeal of the law, under which the appellee was incorporated, it is manifest, we think, from said proviso in said 29th section, that in the collection of assessments the appellee must be governed by the provisions of the said act of March 10th, 1873, on that subject. Section 23 of said act contains this provision in regard to the collection of assessments: " That before such board of directors shall have power to demand or enforce the collection of any portion of such assessment, they shall execute in each county, through which the proposed work passes, a bond payable to the State of Indiana, in a sum equal to the entire amount of the assessment ordered paid in that county, conditioned for the faithful application of all moneys collected by them on such assessment, to the lawful and necessary purposes

of the association, each of which bonds shall be signed by one or more freehold sureties resident in the county in which it is filed, and it shall be approved by the board of commissioners of the county in which the assessment, to which it relates was made, and recorded and deposited with the auditor of such county." 1 R. S. 1876, p. 425.

Appellee's power to demand and enforce from the appellants the collection of the assessments, mentioned in the different paragraphs of appellee's complaint, was and is wholly derived, if such power exists or existed at all, from the provisions of said act of March 10th, 1873. And no such power did or could exist, until appellee's board of directors had complied strictly with the requirements of said proviso, above recited, of said section 23 of said act. It was incumbent on the appellee, in our opinion, to aver, in each paragraph of its complaint, that, before the commencement of this action, the appellee's board of directors had executed in Tipton county, Indiana, a bond payable to the State of Indiana, in a sum equal to the entire amount ordered paid in said Tipton county, conditioned for the faithful application of all moneys collected by them on such assessment, to the lawful and necessary purposes of the appellee, signed by one or more freehold sureties resident in said Tipton county, and approved by the board of commissioners of said county, and recorded and deposited with the auditor of said Tipton county. For the want of any averment, which can be regarded as even substantially complying with the requirements of said proviso in said section 23 of the said act of March 10th, 1873, in either paragraph of appellee's complaint, in this action, we hold that the court below erred in overruling appellants' demurrer to each paragraph of said complaint.

We now come to the consideration of the alleged error of the Howard Circuit Court, in remanding this cause from that court to the court below. As before stated, at the first term of the court below, after the commence-

ment of this action, the appellants moved the court, upon their affidavit filed, for an order changing the venue of the cause from said Tipton county. The application was based upon the third statutory cause for a change of venue, 2 R. S. 1876, p. 118; and the motion was granted, and the venue changed from the court below to the Howard Circuit Court. The proceedings of the latter court in this action were duly made a part of the record of this cause by a proper bill of exceptions. It appears from these proceedings, that on the 11th day of January, 1875, the appellee orally moved the Howard Circuit Court to remand this cause from that court to the court below, for the reason that the transcript and papers in said cause had not been filed in said Howard Circuit Court ten days before the first day of the then term thereof. Whereupon the appellants objected to said motion, and filed the affidavit of one of the appellants' attorneys in support of their objection. It appeared from this affidavit, which was not controverted in any manner by the appellee, that, at the time the appellants filed their affidavit and motion in the court below, and obtained the order changing the venue of the cause to the Howard Circuit Court, the affiant paid the costs occasioned by such change of venue; that, in a few days afterward and in time to perfect such change of venue for that term of said last named court, the affiant made inquiry concerning the making of the transcript to be sent to said court, and was then informed by the deputy-clerk of the court below, that the papers and transcript, properly certified, in this cause, had all been sent to the clerk of the Howard Circuit Court; and that affiant, relying upon said information, paid no further attention to the matter, until he learned on the second day of the then term of that court, for the first time, that the clerk of the court below had failed to transmit the certified transcript and papers in this cause to the clerk of the Howard Circuit Court; that, on the day following, the affiant notified the clerk

of the court below of his failure to transmit said transcript and papers, in said cause, and thereupon the said clerk did make out and certify such transcript, and transmitted the same and the papers in said cause to the clerk of said Howard Circuit Court, in which latter court the same were filed on the 19th day of December, 1874; and affiant said, that the failure to perfect the change of venue in this cause, in time for the then term of said court, was not procured with the wish, knowledge, or consent of the appellants or of affiant, and without their fault; and the affiant asked that court to overrule the appellee's motion to remand the papers in said cause to the court below.

And thereupon the said Howard Circuit Court overruled the appellants' objections and sustained the appellee's motion, and ordered the clerk of that court to return and remand this cause, and all the papers therein, to the court below; to which rulings of the Howard Circuit Court the appellants at the time excepted, and their bill of exceptions was then and there signed and sealed by that court, and made part of the record of this cause.

These proceedings of the Howard Circuit Court were, in our opinion, wholly unauthorized by law. Appellants' application for a change of venue in this case, as we have already seen, was founded upon the third statutory cause for changes of venue. When such an application is properly made, the court to which it is addressed has no discretion in regard to its action; it *must* grant the change of venue. This has been so often ruled by this court, that we need not cite authorities in its support. Where, as in the case at bar, the application is based upon any or all of the causes mentioned in the third specification of section 207 of the practice act, section 208 of the same act directs, with clearness and precision, the action which the court to which the application is addressed may take thereon. The court may do, and direct to be done, just what said section 208 authorizes or requires to be done in

such cases; and we know of no rule of law or practice, under or by virtue of which the court may do aught more than is clearly authorized in and by said section.

By this section 208, but one duty is imposed upon "the party applying for the change" of venue, and that is, to pay "the costs thereof," being the costs occasioned by the change. It seems to us, that, if "the party applying for the change" promptly pays "the costs thereof," when the change is granted, such party has done all that he can do, and all that the law contemplates he should do, to perfect the change "ten days before the first day of the next term of the court, to which the change is taken." The law does not contemplate that the party applying for the change shall be entrusted with the transcript and papers for transmission, nor does the law impose the duty on such party to transmit the same, to the clerk of the court to which the venue is changed. But the law does provide, that "the clerk of the court, in which the suit is pending, shall forthwith transmit the papers and a transcript of the proceedings, to the clerk of the court to which the venue is changed." When the appellants in this case, through their attorney, promptly paid the costs of the change of venue, as soon as it was granted, and when they afterward, and in time to perfect the change, through their attorney, made enquiry of the deputy-clerk of the court below, concerning the making of the transcript in the case, and were then informed by said deputy-clerk that the papers and transcript in this cause had all been sent to the clerk of the Howard Circuit Court, it would seem that the appellants had not been guilty of any *laches* whatever, by or through which they ought to lose the benefit of their application for a change of venue.

It is provided in said section 208 of the practice act, that, "if a party applying for a change of venue shall fail to perfect the same ten days before the first day of the next term of the court to which the change is taken,

or within such time as the court shall prescribe in the order granting the change, said party shall pay all the costs made in the case up to the time of such failure." 2 R. S. 1876, p. 119.

It is doubtful, if, under this provision, a party applying for a change of venue, who fails to perfect the same as therein provided, can be punished for such failure in any other mode, or to any greater extent, than the law itself provides for, namely, that "said party shall pay all the costs made in the case up to the time of such failure." But we need not decide this point in this case. It is very clear to our minds, in this case, that, upon the showing made by the appellants, the Howard Circuit Court erred in its decision, sustaining appellee's motion to return and remand this cause from that court to the court below.

Other errors are assigned by the appellants, calling in question the decisions of the court below, in sustaining appellee's demurrer to several paragraphs of the appellants' answer; but, as the conclusion we have reached will oblige the appellee to amend each paragraph of its complaint in this cause, and as appellants' answers to such amended complaint may differ materially from their present answers, as set out in the record, we deem it unnecessary for us now to consider and decide any questions in relation to the appellants' present answers.

The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to sustain the appellants' demurrers to each paragraph of the appellee's complaint; and, if the appellants desire it, to order the clerk of the court below to make out a complete transcript of the record of that court in this cause, and to transmit the same and all the papers in this action to the clerk of the Howard Circuit Court, and for further proceedings.