## HUTCHISON ET AL v. WHEELER ET AL.

[No. 867S70. Filed November 7, 1968.]

*William L. Thompson,* Salem, *Jacob G. Rudy,* New Albany, for appellants. *Allen and Thompson, Orbison, Rudy and O'Connor,* of counsel.

*Lorch and Lorch,* New Albany, *Gossman, Gossman and Gossman,* Seymour, and *Hamill and Price,* Indianapolis, for appellees.

HUNTER, J.—This case arose out of the condemnation of certain lands by the Board of County Commissioners of Washington County, Indiana, pursuant to the power vested in it by Ind. Anno. Stat. § 36-301, *et seq.* The lands condemned were owned by the various appellants and appellants filed a remonstrance to the decision taken by the Board. The decision and order of the Board was appealed to the Washington Circuit Court and, after jury trial in January, 1961, a mistrial was declared due to the inability of the jury to reach a verdict. Thereafter, appellants filed and the court granted a motion for change of venue from the county. The cause was ordered venued to the Floyd Circuit Court and the remonstrators paid the fees as ordered. Thereafter, on April 21, 1961, the Clerk of the Washington Circuit Court sent the transcript of the proceedings theretofore had in this matter to the Floyd Circuit Court and certified that said transcript included all papers and entries that were a part of the action.

Due to a series of delays not explained in the record, the cause lay dormant until mid-May, 1967. On May 22, 1967, before any evidence was heard in the Floyd Circuit Court, a motion was filed by the Board of County Commissioners of Washington County to dismiss the action because the transcript certified to the Floyd Circuit Court did not contain a remonstrance. It was the Board's position that without a remonstrance in the record there was no issue to be tried. The remonstrators immediately moved the court for an order requiring the Clerk of the Washington Circuit Court to complete the transcript. The Floyd Circuit Court then denied the remonstrator's motion, granted the Board's motion to dismiss, and this appeal by the remonstrators followed. The appellants have alleged:

(1) The trial court erred in sustaining the Board's motion to dismiss, and

(2) The trial court erred in overruling their (remonstrators') motion to require the Clerk of the Washington Circuit Court to complete the transcript on change of venue.

Ind. Anno. Stat. § 2-1406 (1967 Repl.) reads as follows:

"2-1406 (447). Change from county—Procedure—Costs. —When a change of venue is directed for any of the causes mentioned in the third, fourth, and fifth specifications of the preceding section (§ 2-1401) the court or judge shall designate the county to which the venue shall be changed (which may be in the same or in an adjoining circuit, as may be deemed best for the furtherance of justice), and shall prescribe the time within which the applicant shall pay the costs of the change, and *the clerk of the court in which the suit is pending, as soon as the costs of the change are paid, shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed,* and the clerk of the proper court shall receive the papers and transcript, giving a receipt therefor, and docket the action in its order among the other causes of the court; and the action shall stand for trial at the first term, and shall be tried or otherwise disposed of in the same manner as if the cause had originated in that court. If the party fail to pay the costs of the change within the time prescribed by the court, he shall be taxed with all the costs made in the case up to the time of such failure, and shall not be entitled to a change of venue from the county" (emphasis added).

Insofar as it is in conflict with Rule 1-12B of the Rules of the Supreme Court of Indiana, this statute is superceded.

However, nothing in Rule 1-12B contradicts or abrogates the ministerial duty of the clerk of the original court to "transmit all the papers and a transcript of all the proceedings" to the county to which the venue is changed.

The case of *Cooper et ux.* v. *The Arctic Ditchers* (1877), 56 Ind. 233, although decided four years prior to the enactment of Ind. Anno. Stat. § 2-1406, *supra,* dealt with substantially similar statutory language, and, therefore, is relevant here.

In that case, a motion for change of venue was granted by the Tipton Circuit Court, and the cause was venued to the Howard Circuit Court. However, the Clerk of the Tipton Circuit Court failed to make out and certify the transcript to the Howard Circuit Court within the time required by law, and, as a consequence, the latter court sustained a motion to remand the case to Tipton County. This court reversed the remand order of the Howard Circuit Court, and in doing so, made the following statement regarding the duty of the movant in perfecting a change of venue:

> "By this section . . ., but one duty is imposed upon 'the party applying for the change' of venue, and that is, to pay 'the costs thereof,' being the costs occasioned by the change. It seems to us, that, *if 'the party applying for the change promptly pays 'the costs thereof,' when the change is granted, such party has done all that he can do, and all that the law contemplates he should do, to perfect the change. . . . The law does not contemplate that the party applying for the change shall be entrusted with the transcript and papers for transmission, nor does the law impose the duty on such party to transmit the same, to the clerk of the court to which the venue is changed.* But the law does provide, that 'the clerk of the court, in which the suit is pending, shall forthwith transmit the papers and a transcript of the proceedings, to the clerk of the court to which the venue is changed' " 56 Ind. at 241 (emphasis added).

Four years after the decision in *Cooper, supra,* the General Assembly passed the statute which is presently codified as Ind. Anno. Stat. § 2-1406, *supra.* See Acts 1881 (Spec. Sess.) ch. 38, § 256. This, in the absence of any contrary indications, strongly supports the inference that the statutory language regarding the duty of the clerk, which had been previously construed by this court and which then was substantially re-enacted in 1881, should receive the identical construction in the new statute. *Dill* v. *Fraze* (1907), 169 Ind. 53, 79 N. E. 971.

In view of the foregoing, it is our holding that the party to whom a change of venue is granted has no duty to oversee

or supervise the clerk of the court in order to insure transmission of all the necessary papers and records to the county to which the venue is changed. This involves a purely ministerial duty of the clerk of the original court, and once the movant has paid the costs associated with the change of venue, he has the right to expect that the entire record and all the papers theretofore filed in the cause will be certified to the new forum. This case is reversed and remanded to the Floyd Circuit Court with instructions to rescind its order dismissing this case and to grant the appellants' motion to require the Clerk of the Washington Circuit Court to complete the transcript of change of venue, and for further proceedings on the merits of the case.

Judgment reversed.

Lewis, C. J., Arterburn, DeBruler, and Jackson, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 261.