**STATE of Indiana on the Relation of Stanley LARMAN and Herbert Larman, as Joint Tenants with Right of Survivorship, Relators,**

v.

**The MARION COUNTY SUPERIOR COURT, ROOM NO. 5, Michael T. Dugan, II, Judge of the Marion County Superior Court, Room 5, Respondents.**

**No. 1281S353.**

Supreme Court of Indiana.

Feb. 12, 1982.

Ted B. Lewis, Samuel A. Fuller, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for relators.

Jerry W. Newman, Stephen E. Schrumpf, Asst. Corporate Counsel, Legal Div., Indianapolis, for respondents.

GIVAN, Chief Justice.

On December 14, 1981, this Court issued an Alternative Writ of Mandate in this cause. With this opinion we make the writ permanent.

This cause commenced with the filing of a complaint by the Capital Improvement Board of Managers of Marion County against relators herein as defendants on June 22, 1981. On July 9, 1981, attorneys for relators filed among others a Motion for Change of Venue from the County. Another such motion was filed July 29, 1981. On August 4, 1981, respondent granted said motion and notified counsel of the action.

The usual procedures were followed resulting in the choice of Hendricks County and the change of venue fee was paid by the moving party. The trial court further ordered: "Ten (10) days are allowed to perfect change after selection of county." It is respondent's position that the relators had until August 24 to comply with his order to perfect their change within ten (10) days of the selection of the county and that they failed to do so in that they failed to file a proposed order for his signature perfecting the change on or before August 24.

Relators have filed an affidavit stating they filed a proposed unsigned order changing venue with the clerk of the court on August 24. However, the file mark on the proposed order reads August 25, 1981. The trial judge takes the position this was one day after the deadline he had set for perfecting the change of venue. The trial court, therefore, resumed jurisdiction in the cause. Relators filed a "Motion to Reconsider and Set Aside Order Resuming Jurisdiction." This motion was denied by the trial court. This original action followed.

Respondent cites Rule 20 of the Rules of Practice and Procedure of the Circuit and Superior Courts of Marion County to support his position counsel for relators could be denied a previously granted change of venue unless the proposed order was filed on or before August 24. Rule 20, captioned "Duties of Attorneys," reads in pertinent part: "It shall be the duty of attorneys to prepare decrees of all final judgments and of such interlocutory and other orders as may be required by the court."

First we observe Rule 20 makes no reference to the time frame within which such decrees may be filed. Thus, we conclude any requirement that is imposed on attorneys with regard to perfecting a change of venue must be found outside Rule 20. Respondent cannot assert on the strength of the rule alone that one of the procedural steps required to perfect a change of venue is the filing of a proposed order within any particular time period.

I.C. 34–1–13–2 [Burns' 1973] speaks to requirements for completing a change of venue. In relevant part we quote from the statute:

"When a change of venue is directed for any of the causes mentioned in the third, fourth, or fifth specifications of the preceding section [34–1–13–1] the court or judge shall designate the county to which venue shall be changed . . . and the clerk of the court in which the suit is pending, as soon as the costs are paid, shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed . . . . If the party fail [sic] to pay the costs of the change within the time prescribed by the court, he . . . shall not be entitled to a change of venue from the county."

The language of the statute makes reference only to the necessity for the payment of costs associated with such a change in order to activate the court's machinery to complete the removal of the case to the other court. Further, the latter part of the statute indicates only by failing to pay the costs may the applicant suffer loss of his previously granted change of venue. Thus, it seems clear the key consideration, and indeed the only consideration, in determining whether the court granting a change of venue may resume jurisdiction is whether the applicant has paid the costs within the prescribed time.

In *Hutchison v. Wheeler*, (1968) 251 Ind. 386, 241 N.E.2d 261, we considered the proper interpretation Ind.Stat.Ann. § 2–1406 (1967 Repl.), the predecessor of I.C. 34–1–13–2. There we held this statute imposed only one duty on the applicant for change of venue, that being payment of costs. In that case the trial court to which venue was changed attempted to cast upon the applicant the duty of ensuring the transcript had been received by that court. We rejected that assertion and held payment of costs to be the only duty imposed by statute on the applicant. In the case at bar it is a different duty respondent attempts to cast upon the applicant, that of submitting a proposed order within a certain time. However, the language of the statute does not authorize respondent to charge relators with such a duty. Additionally, *Hutchison, supra,* though it considered a somewhat different question, unequivocally held " 'but one duty is imposed upon the party applying for a change of venue, and that is to pay the costs thereof . . . .' " *Id.* at 389, 241 N.E.2d at 263, *quoting from Cooper et ux. v. Artic Ditchers*, (1877) 56 Ind. 233, 241.

Nothing in the Indiana Rules of Trial Procedure adds anything with respect to the duties of an applicant for change of venue once that change has been granted. Ind.R.Tr.P. 78 does state in part:

"Whenever a court has granted an order for a change of venue to another county and the costs thereof have been paid where an obligation exists to pay such costs for such changes, either party to the cause may file a certified copy of the order making such change in the court to which such change has been made, and thereupon such court shall have full jurisdiction of said cause . . . ."

The foregoing rule does no more than specify a procedure for properly vesting jurisdiction in the court to which venue has been changed before that court's receipt of the transcript. Though it refers to an order granting the change, it cannot be read to say anything regarding the time within which the order must be filed with the clerk.

The Alternative Writ of Mandate previously granted ordering respondent to vacate its August 25 order resuming jurisdiction in this case and to take action to complete the change of venue to Hendricks County is hereby made permanent.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissenting with separate opinion.

DeBRULER, Justice, dissenting.

Indiana Code § 34–1–13–2 quoted in the majority opinion refers to the necessity for the judge to "designate the county to which the venue shall be changed." The statute also requires that the clerk of the court in which the suit is pending "as soon as the costs of the change are paid, shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed." It is contemplated here that the payment of costs by the applicant be the final act which completes or "perfects" the change of venue. Obviously, payment of costs cannot have this finalizing effect, if it is made before the court has designated the county to which the venue is to be changed.

I am of the opinion, therefore, that the failure of an applicant to assist the trial court as required by the local rule in making the designation of the new county within the time limit for perfection of a change of venue, like the failure of an applicant to pay the costs within that same time limit, should result in the loss of the previously granted change. Here, the trial court's order book reflects that relators' proposed order designating the new county was filed after the time limit for perfecting the change. I consider the trial court's decision to thereafter reassume jurisdiction to have been correct.

The writ should be denied.