STATE of Indiana ex rel. Marlene SMITH, Relator,

v.

The LAKE SUPERIOR COURT and the Honorable James Danikolas, Judge of the Lake Superior Court, Room Three, Respondents.

No. 45S00–8807.

Supreme Court of Indiana.

Dec. 9, 1988.

Lynn Hammond, Michael L. Muenich, Hand, Muenich & Wilk, Highland, for relator.

J. Douglas Angel, Katz, Brenman & Angel, Merrillville, for respondents.

GIVAN, Justice.

Relator filed her petition for alternative writ of mandamus and prohibition asking this Court to mandate the trial court to grant a change of venue and an order prohibiting the trial court from proceeding further in the cause.

The facts are: On January 5, 1988, a complaint for damages was filed by Hazel and James Fuller. Named as one of the defendants was the relator, Marlene Smith.

On January 25, 1988, counsel for relator entered his appearance and filed for additional time to plead along with a motion for change of venue from the county. Both motions were granted with relator given up to March 4, 1988 to answer the complaint. A panel of three counties was named and relator struck Newton County, leaving Jasper and Porter Counties. All of this occurred on January 25, 1988. On February 9, 1988, plaintiffs filed a "Motion to Resume Jurisdiction," arguing that relator had failed to perfect the change of venue within the time limit of Ind.R.Tr.P. 76. On the same day, through service by mail, relator requested that the Clerk strike a county in behalf of the plaintiffs. The Clerk struck Jasper County and the cause was venued to Porter County on February 17, 1988.

On February 24, 1988, the trial court set April 4, 1988 as a hearing date on plaintiffs' motion to resume jurisdiction. On March 4, 1988, relator filed her answer and a second motion for change of venue. This motion was granted by respondent that day and the same panel of three counties was named. Relator struck Newton County. Plaintiffs were ordered to strike by March 14, 1988 in accordance with Ind.R.Tr.P. 6(E) and 76(9).

On March 9, 1988, plaintiffs filed their objection to change of venue. This was taken under advisement by respondent and on May 25, 1988, respondent ruled that relator failed to conform to the requirements of Ind.R.Tr.P. 76, and the second motion for change of venue from the county was not timely filed; thus, the trial court purported to resume jurisdiction of the cause.

█ Relator argues that her first motion for change of venue was perfected in a timely manner because she requested the Clerk to strike a county at the same time plaintiffs filed their "Motion to Resume Jurisdiction." Relator claims the respondent could not resume jurisdiction once the cause had been venued out of the county. Relator argues that pursuant to Ind.Code § 34-1-13-2 and *State ex rel. Larman v. Marion Superior Court* (1982), Ind., 430

N.E.2d 1170, only if a party fails to pay the costs attendant with a change of venue does the court have the right to resume jurisdiction. Relator paid the costs on January 21, 1988.

Relator further argues that even if we would assume the first change of venue was not perfected, she believes that her second motion should have been granted. Indiana Rules of Trial Procedure, Rule 76(2) states that the motion "shall be filed not later than ten [10] days after the issues are first closed on the merits." Thus, she argues, because the issues were first considered closed upon the filing of the answer, relator believes that her second motion should have been granted.

█ When a party exercises its right to a change of venue under Ind.R.Tr.P. 76 but does not promptly notify the Clerk to strike in behalf of the non-moving party after the expiration of seven [7] days as provided by the rule, equity and the judicious use of court time demand that the party not be permitted to file a second change of venue. Although we find no recent case on this subject, this principle of law is clearly stated in *The Indianapolis and St. Louis Railroad Co. v. Smyth* (1873), 45 Ind. 322. We reiterate that statement of law as being valid under the present rule.

In the case at bar, when the relator failed to request the clerk to strike the counties for the non-movant party, such failure resulted in the loss of the motion for change of venue. *Abrahamson Chrysler Plymouth, Inc. v. Insurance Co. of North America* (1983), Ind.App., 453 N.E.2d 317. The respondent court had a duty to review the entire proceeding upon the motion of the plaintiffs and acted properly when it resumed jurisdiction of the cause on the ground that the relator had failed to perfect a first change of venue and that the second change of venue was improperly filed. *See Pruden, et al. v. George Trabits, et al.* (1977), 175 Ind.App. 219, 370 N.E.2d 959.

Relator cites the case of *State ex rel. Larman, supra,* for the proposition that the only duty required of the moving party after filing for change of venue is the

paying of the costs to perfect said change. However, that case is distinguishable from the case at bar. In the *Larman* case, proper striking had taken place and the only thing left for the moving party to do was to pay the cost to make mandatory the Clerk's forwarding of the case to the venue county.

In the case at bar, the moving party never brought the case to that stage of the proceeding. We reiterate the holdings in both *Abrahamson, supra* and *Pruden, supra* that the moving party has a duty to call to the Clerk's attention that the non-moving party has failed to strike. To hold otherwise would place an undue burden upon the Clerk to maintain a calendar on each pending change of venue and to ascertain in each case whether the non-moving party had in fact struck within the time allowed. To impinge the Clerk with such a duty would be grossly unfair when one considers that the moving party is in a much better position to know the exact status of his case and has a responsibility to the parties and the court to diligently discharge his duties in the case.

The petition for writ of mandate and prohibition is denied and this cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON, J., dissents with separate opinion in which PIVARNIK, J., concurs.

DICKSON, Justice, dissenting.

On January 25, 1988, defendant-relator timely filed her Motion for Change of Venue and immediately struck from the list of counties. In accordance with Trial Rule 76(9) plaintiffs were to respond by striking on or before February 1, 1988. Failing to receive any pleading or notification that plaintiffs had acted as required by the rule, defendant on February 9, using service by mail, filed her request for the clerk to strike on behalf of the plaintiffs. On the same day, however, plaintiffs filed a motion to reassume venue. The trial court subsequently reassumed jurisdiction and ruled that defendant had failed to conform to the requirements of Trial Rule 76, apparently due to the fortuitous receipt by the trial court of plaintiffs' motion to reassume jurisdiction before defendant's request for the clerk to strike.

It is contrary to the principles of justice to deprive a party of rights reasonably and diligently exercised in complete conformity to the Indiana Rules of Procedure, and to reward the opposing party for evading the clear mandate of Trial Rule 76(9) which requires that "the parties within seven days thereafter ... *shall* each alternately strike."

The majority opinion invites gamesmanship and fortuitous justice. Henceforth, a party responding to a motion for change of venue is encouraged to employ the following gambit: avoid participating in the striking of counties until the expiration of time allowed by Trial Rule 76(9) and race to the courthouse the next morning to file a motion to reassume jurisdiction. The movant's necessary defensive strategy will be to protect his motion for change of venue by joining the race and seeking to precede his opponent's motion by first filing his request for the clerk to strike. This is altogether unseemly and counter-productive. We should not condone justice by ambush nor unnecessarily burden the trial courts and litigants by fostering such wasteful proceedings.

Of course, the moving party may not unreasonably delay filing a request for the clerk to strike for the nonmovant. A trial court may resume jurisdiction upon a finding of laches against the moving party.

I would grant relator's petition for writ of mandamus and prohibition.

PIVARNIK, J., concur.